UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DIOGENS MENDEZ,                                      Justice (Chin, J)
                                  Plaintiff(s),       08 CV 01281

          - against -

                                                     **Verified Answer**
MOHAMED M. DIALLO, LEVEL TRANS CORP.,                **Trial by Jury**
129 BROADWAY, INC., BILL WOLF PETROLEUM              **Demanded**
CORP., and HORIZON PLANNING SERVICES,
LTD.,
                                  Defendant(s).
------------------------------------------------------------------x
          The defendant(s) , by their Attorney,  **MARJORIE E. BORNES**, answering the complaint

of the plaintiff(s) herein, respectfully allege(s) upon information and belief, as follows:

### AS AND FOR ITS ANSWER TO THE COMPLAINT

          1.          Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraph(s) "1", "2", "3", "6", "7" and "8" of the Complaint.

### AS AND FOR ITS ANSWER TO COUNT I

          2.          Denies each and every allegation contained in paragraph(s) A16", "17", "18" and

"19 of the Complaint.

          3.          Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraph(s) "15", of the Complaint.

### AS AND FOR ITS ANSWER TO THE COUNT II

          4.          Answering paragraph(s) "20" of the complaint, repeat(s), reiterate(s) and

reallege(s) each  and every allegation, admission and denial contained in the proceeding

paragraphs of this Answer, with the same force and effect as though here again set forth at

length.

          5.          Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraph(s) "21", "22", "23", "24", "25", "26", "27", "28", "29", "30" and

"31" of the Complaint.

6.      Denies each and every allegation contained in paragraph(s) "32" of the Complaint.

**AS AND FOR ITS ANSWER TO THE COUNT III**

7.      Answering paragraph(s) "33" of the complaint, repeat(s), reiterate(s) and reallege(s) each  and every allegation, admission and denial contained in the proceeding paragraphs of this Answer, with the same force and effect as though here again set forth at length.

8.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph(s) "34", "35", "36", "37", "38", "39", "40", "41", "42", "43" and "44" of the Complaint.

9.      Denies each and every allegation contained in paragraph(s) "45" of the Complaint.

**AS AND FOR ITS ANSWER TO THE COUNT IV**

10.     Answering paragraph(s) "46" of the complaint, repeat(s), reiterate(s) and reallege(s) each  and every allegation, admission and denial contained in the proceeding paragraphs of this Answer, with the same force and effect as though here again set forth at length.

11.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph(s) "47", "48", "49", "50", "51", "52" and "53" of the Complaint.

12.     Denies each and every allegation contained in paragraph(s) "54" of the Complaint.

**AS AND FOR ITS FIRST AFFIRMATIVE DEFENSE**

13.     That by reason of all of the provisions of Article 51 of the New York Comprehensive Motor Vehicle Insurance Reparations Act, ∋5101 to ∋5108, this Court lacks jurisdiction over the subject matter of this action and plaintiff(s) is  expressly prohibited by the above mentioned law from maintaining this action.

## AS AND FOR ITS SECOND AFFIRMATIVE DEFENSE

14.    Upon information and belief, pursuant to CPLR ∋1412, any damages sustained by plaintiff(s) were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of plaintiff(s) and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care on the part of the plaintiff(s) pursuant to CPLR Article 14-A.

## AS AND FOR ITS THIRD AFFIRMATIVE DEFENSE

15.    Pursuant to C.P.L.R. 4545, plaintiff(s)'s recovery should be reduced by any amounts received or to be received by plaintiff(s) from collateral sources of payment.

## AS AND FOR ITS FOURTH AFFIRMATIVE DEFENSE

16.    If it be determined that each respective plaintiff failed to use available seat belts, defendants plead said fact in mitigation of damages.

## AS AND FOR ITS FIFTH AFFIRMATIVE DEFENSE

17.    That if it be determined hereafter that plaintiff(s) or any party to this lawsuit has proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling to said plaintiff(s) or party, then and in that event, the answering defendant(s) hereby plead said adverse ruling or award on the theory of collateral estoppel under the authority.

## AS AND FOR ITS SIXTH AFFIRMATIVE DEFENSE

18.    Plaintiff(s)'s injuries do not meet the jurisdictional amount.

## AS AND FOR ITS SEVENTH AFFIRMATIVE DEFENSE

19.    That the liability of the defendant(s), if any, does not exceed fifty (50%) percent of the liability assigned to all persons, if any, liable and that the liability of the defendant(s), if any for non-economic loss is limited pursuant to Article 16 of the CPLR.

## AS AND FOR ITS EIGHTH AFFIRMATIVE DEFENSE

20.     Pursuant to 49 USC 30106, since Sukhdev Singh leased the vehicle, Level Trans Corp has no liability for the accident and there is no cause of action stated against it, and the complaint as against Level Transit Corp must be dismissed.

## AS AND FOR ITS NINTH AFFIRMATIVE DEFENSE

21.     Upon information and belief, at the time of the accident plaintiff was employed by defendant and this action is, therefore barred by the Worker's Compensation Statute.

## AS AND FOR ITS CROSS-CLAIM AGAINST CO-DEFENDANTS MOHAMED M. DIALLO, 129 BROADWAY, INC., BILL WOLF PETROLEUM CORP. AND HORIZON PLANNING SERVICES

22.     That if plaintiffs were caused to sustain any injuries and/or damages, as alleged in their Complaint, through the negligence, recklessness, carelessness and/or culpable conduct other than the plaintiffs' own negligence, recklessness, carelessness and/or culpable conduct, said injuries and damages were caused by the negligence, recklessness, carelessness and/or affirmative acts of omission or commission and/or breach of contract and/or other culpable conduct of the co-defendants against whom this cross-claim is pleaded and if any judgment is recovered herein by the plaintiffs against the defendant asserting this cross-claim, the said defendant(s) will be damaged thereby and demand indemnification and/or contribution against the co-defendants.

23.     By reason of the foregoing the co-defendants against whom this cross-claim is pleaded, on the basis of apportionment of responsibility for the alleged occurrence, pursuant to Article Fourteen of the CPLR and on the basis of common law indemnification, are liable in contribution and/or indemnification to the said defendant(s) asserting this cross-claim.

## AS AND FOR ITS COUNTERCLAIM AGAINST PLAINTIFF, DIOGENS MANDEZ, DEFENDANT ALLEGES

24.     To the extent that it is alleged that the brakes failed on the vehicle and Plaintiff performed the brake repairs, plaintiff is solely and wholly responsible for the accident.

**WHEREFORE**, the defendant(s) **LEVEL TRANS CORP.,** hereby demands judgment dismissing the Complaint with costs or, in the alternative, if the Complaint shall not be dismissed, the amount of damages otherwise recoverable against said defendant(s) shall be diminished in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct, if any, of said defendant(s) and further demand, pursuant to Section 3019(b) of the CPLR, that the ultimate rights of the defendants in this action as amongst themselves be determined in this action, and that the cross-claiming defendant(s) have judgment over and against the co-defendants for the amount of any verdict or judgment which may be obtained herein by the plaintiff(s) against said cross-claiming defendant(s), or in the alternative, for contribution toward such verdict or judgment pursuant to Article 14 of the CPLR, together with costs and disbursements of this action, plus any and all attorney's fees

Dated: New York, New York
      March 20, 2008                                Yours, etc.,

                                          _____

                                          **MARJORIE E. BORNES, ESQ. (MEB6505)**
                                          Attorney for Defendant(s) *Level Trans Corp*
                                          330 West 34th Street-7th Floor
                                          New York, NY 10001
                                          (212) 857-8252

**TO:**    **BARON & PAGLIUGHI, ESQS.**
Peter D. Baron (PDB 8519)
Attorneys for Plaintiff
85 Main Street – Suite A
Cold Spring Harbor, NY 11724
(631) 367-7000

**By Regular Mail:**

**MOHAMED M. DIALLO**
2937 8th Avenue
New York, NY 10039

**129 BROADWAY, INC.**
3225 Broadway
New York, NY 10027

**HORIZON PLANNING SERVICES LTD.**
550 Old Country Road, Suite 410
Hicksville, NY 11801

**BILL WOLF PETROLEUM CORP.**
3225 Broadway
New York, NY 10027

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DIOGENS MENDEZ,                                           Justice (Chin, J)
                              Plaintiff(s),                08 CV 01281

              - against -

MOHAMED M. DIALLO, LEVEL TRANS CORP.,
129 BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES,
LTD.,
                              Defendant(s).
------------------------------------------------------------------x

## CERTIFICATION OF SERVICE BY EFILING AND MAIL

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

     I hereby certify that on March 20, 2008 the foregoing document **VERIFIED ANSWER TRIAL BY JURY DEMANDED** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District=s Local Rules, and/or the Southern District=s Rules on Electronic Service, upon:

     In addition, on March 20, 2008, I served the same papers described above by depositing a true copy of same enclosed in a post paid properly addressed wrapper in a post office under the exclusive care and custody of the U.S. Postal Service within the State of New York addressed to each attorney or party as follows:

**TO:    SEE RIDER**


_____
MARJORIE E. BORNES

<u>**RIDER**</u>

**By Electronic Filing:**

TO:    **BARON & PAGLIUGHI, ESQS.**
       Peter D. Baron (PDB 8519)
       Attorneys for Plaintiff
       85 Main Street – Suite A
       Cold Spring Harbor, NY 11724
       (631) 367-7000

**By Regular Mail:**

       **MOHAMED M. DIALLO**
       2937 8th Avenue
       New York, NY 10039

       **129 BROADWAY, INC.**
       3225 Broadway
       New York, NY 10027

       **HORIZON PLANNING SERVICES LTD.**
       550 Old Country Road, Suite 410
       Hicksville, NY 11801

       **BILL WOLF PETROLEUM CORP.**
       3225 Broadway
       New York, NY 10027

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
INDEX # 08 CV 01281

DIOGENS MENDEZ,

Plaintiff(s),

- against -

MOHAMED M. DIALLO, LEVEL TRANS CORP.,
129 BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES,
LTD.,

Defendant(s).

## VERIFIED ANSWER WITH DEMAND FOR JURY TRIAL

### MARJORIE E. BORNES, ESQ.
Attorney for Defendant(s) *Level Trans Corp*
330 West 34th Street - 7th Floor
New York, NY 10001
(212) 857-8252

*TO:*
*Attorney for*_____
*Service of a copy of the within*        *is hereby admitted.*

*Dated*      _____      *Attorneys for*

**PLEASE TAKE NOTICE**
_____Notice of Entry
that the within is a true copy of a      duly entered in the office of the Clerk of the within Court
on         , 200 .

_____Notice of Settlement
that an order of which the within is a true copy will be presented for  settlement to the Hon.
, one of the Judges of the within named Court, at     on     at     A.M.
Dated

**MARJORIE E. BORNES, ESQ.**
*Attorney for Defendant(s)*
*Level Trans Corp*
330 West 34th Street - 7th Floor
New York, NY 10001
212-857-8252

TO:
Attorney for