UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DIOGENS MENDEZ,

                    Plaintiff(s),

      - against -

MOHAMED M. DIALLO, LEVEL TRANS CORP.,
129 BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES,
LTD.,

                    Defendant(s).
-----------------------------------------------------------------x

Justice (Chin, J)
08 CV 01281

**Notice for Discovery and Inspection and/or Demand to Furnish Information**

S I R (S):

      **PLEASE TAKE NOTICE,** that the plaintiff(s) herein, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure is/are required to produce and allow discovery, inspection and copying to be made by the defendant(s) herein, and the defendant(s)' attorney(s) of the following items, writings and objects maintained, controlled or supervised by the plaintiff(s) or his/her/its'/their attorney(s), agents, servants and/or employees:

      In lieu of strict compliance with the terms and conditions of this Notice, the undersigned will accept clearly legible photocopies of the said items, if received by the undersigned at least five (5) days prior to the return date hereof, together with a letter from the plaintiff(s)' attorneys advising as to the completeness of the items provided.

**PLACE OF DISCOVERY**:

_____
**MARJORIE E. BORNES, ESQ. (MEB6505)**
Attorney for Defendant(s) *Level Trans Corp*
330 West 34th Street-7th Floor
New York, NY 10001
(212) 857-8252

**DATE & TIME OF DISCOVERY**:        **THURSDAY, APRIL18, 2008, AT 9:30 A.M.**

**TO:** **BARON & PAGLIUGHI, ESQS.**
**Regular mail and efiling**
Peter D. Baron (PDB 8519)
Attorneys for Plaintiff
85 Main Street – Suite A
Cold Spring Harbor, NY 11724
(631) 367-7000

**By Regular Mail:**

**MOHAMED M. DIALLO**
2937 8th Avenue
New York, NY 10039

**129 BROADWAY, INC.**
3225 Broadway
New York, NY 10027

**HORIZON PLANNING SERVICES LTD.**
550 Old Country Road, Suite 410
Hicksville, NY 11801

**BILL WOLF PETROLEUM CORP.**
3225 Broadway
New York, NY 10027:

1. True copy of any statement of defendant(s) herein.

2. The names and last known addresses of any witness to the occurrence or the condition involved herein.

3. The name and last known address of any person who has information concerning the condition of the vehicle owned by the plaintiff(s) and involved in the subject occurrence herein, as it was on the date of accident or at the time it was last in the custody and control of the plaintiff(s).

4. Records of inspection and maintenance of the vehicle owned by each respective plaintiff which was involved in this accident for a period of one (1) year prior to the accident date herein;

5. Any and all repair bills and/or estimates relating to damage to property occasioned by the occurrence or subject matter of the complaint;

6. If a claim for wrongful death is being made herein:

(a) furnish a true and complete copy of decedent's Death Certificate, Letters of Administration or Letters Testamentary, the autopsy report, if any, and a duly executed current Authorization to obtain the same if the latter is not in the plaintiffs' possession;

(b) set forth the names of the next of kin, heirs at law and distributees of the deceased specifying as to each their address, date of birth, occupation, marital status, relationship to the deceased, whether the deceased financially contributed to such heir or distributee and if so, the amount(s) and duration of same.

7. If a Worker's Compensation or a Social Security or other claim for disability has been made as a result of the alleged accident complained of herein, furnish true and complete copies of all claim papers submitted therefor as well as duly executed current Authorizations to the Worker's Compensation Board, the insurance carrier involved, the Social Security Administration and the State Department of Labor or its equivalent so as to permit this defendant's inspection of such files as to any papers not presently furnished.

8. Notice of Arbitration and Award in any Arbitration Proceeding arising from the accident, which is the subject of this action.

9. Copies of any transcripts of testimony of any party taken in any (a) motor vehicle hearing, (b) hearing, trial or other proceeding regarding the violation of any code, ordinance or statute, (c) hearing pursuant to ə50-h of the GML, and (d) trial, action or proceeding arising out of the facts or circumstances giving rise to this action. If any of the foregoing occurred, but no transcript is available, so state.

10. Names and addresses of each party and attorney appearing in this action.

11. A copy of any invoices rendered regarding the repair of the automobile involved in the incident.

## DEMAND FOR ACCIDENT REPORT

**PLEASE TAKE FURTHER NOTICE** that the undersigned hereby demands that you produce and allow the undersigned to inspect and photocopy:

(a)  any written accident report(s) in the care, custody and control of any other party(ies) or their attorney(s) which were prepared in the regular and ordinary course of business operations or practices of any person, firm, corporation, association or other public or private entity concerning the accident which is the subject of this lawsuit, including but not limited to, a copy of any operator's and/or owner's Motor Vehicle 104 accident report concerning this accident.

(b)  Provide a true copy of any official reports, including but not limited to, Police Accident or Aided Reports in the possession of any party(ies) served with this Demand.

## DEMAND FOR PHOTOGRAPHS, SLIDES, VIDEO TAPES AND MOTION PICTURES:

**PLEASE TAKE FURTHER NOTICE**, that the undersigned hereby demands that all other parties to this action produce and/or provide true copies of:

(a)  any and all photographs, slides, video tapes or motion pictures, if any, of the scene of the accident and, if applicable, the motor vehicles involved in this accident; the alleged defective condition, if any; the injuries of either and/or both plaintiffs; and any and all surveillance photographs, slides, video tapes or motion pictures taken of any plaintiff which are in the possession, custody or control of any party(ies) or their attorney(s) who have been served with this Demand.  If no such photographs, slides, video tapes or motion pictures are in the possession, custody or control of any party(ies) herein or their attorney(s), so state in a sworn Reply to this Demand; and

(b)  each and every video tape, recording, surveillance tape, surveillance photograph, visual reproduction, movie picture, film and/or any visual evidence produced by an electronic device taken by or on behalf of any other party(ies) to this action, their agents, servants, employees and/or counsel to such party(ies) depicting or attempting to depict the physical and/or mental condition of each respective plaintiff: (I) prior to the happening of the within accident and (ii) subsequent to the happening of the within accident.

If no such visual evidence is in the possession, custody or control of any party or their attorney, so state in a sworn Reply to this Demand.  The undersigned will object at the time of the trial of this action to the introduction of any visual evidence not provided by the other parties to this action.

## DEMAND FOR EXPERT WITNESSES

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Rule 26(a)(2), the undersigned hereby demands that all other parties to this action set forth the following:

(a)  the name and address of each and every person expected to be called as an expert witness at the time of trial of this action;

(b)  state in detail the subject matter on which each expert witness is expected to testify;

(c)  state the substance of the facts and opinions as to which each expert witness will testify;

(d)  a summary of the grounds for each expert witness' opinion; and
(e)  a summary of each expert witness' qualifications.

The undersigned will object at the time of the trial of this action to the testimony of any expert witness not so identified by the other parties to this action.

## DEMAND FOR EMPLOYMENT AND INCOME VERIFICATION

**PLEASE TAKE FURTHER NOTICE**, that if loss of earnings or diminution of earning capacity is being  made, you are hereby required to serve the undersigned within thirty (30) days after receipt of this Notice, the following:

1.       If the plaintiff was not self-employed, duly executed and acknowledged original written authorizations directed to the last employer prior to the date of accident and the first employer subsequent to the date of accident so as to permit the securing of plaintiff's entire personnel record including records regarding wages and attendance.

2.       If the plaintiff was self-employed, copies of federal income tax returns submitted in the two (2) years prior to the date of accident, in the year in which the accident occurred and for two (2) years subsequent to the date of the accident.

## DEMAND FOR COLLATERAL SOURCE INFORMATION

**PLEASE TAKE FURTHER NOTICE**, that the undersigned hereby demands that if any sum or sums have been paid or promised to any party served herein by any person claimed to be liable for the injuries or damages alleged in the Complaint within the meaning of General Obligations Law ɜ15-108, or if any cost, expense, loss of earnings or other economic loss was or will with reasonable certainty be replaced or indemnified, in whole or in part, by a collateral

source within the meaning of CPLR ∋4545, set forth:

(a)  the name and address of the person, corporation, insurance company or other entity making such payment(s) or promise(s) or providing such collateral source(s); and

(b)  state the amount(s) which has been or will with reasonable certainty be received by any party served herein.

## DEMAND FOR NO-FAULT AND WORKER'S COMPENSATION INFORMATION

**PLEASE TAKE FURTHER NOTICE** that the defendant hereby demands that the plaintiff furnish the undersigned attorney within thirty (30) days of this Notice, the following:

1. A verified statement setting forth the name, address, policy number and claim number of any company furnishing no-fault and worker's compensation benefits to the plaintiff as a result of the occurrence herein.

2. Duly executed and acknowledged written authorization enabling the undersigned to obtain the records relating to the plaintiff of each company identified above,

## MEDICAL AUTHORIZATIONS AND REPORTS

Authorizations permitting the attorneys for defendant(s) to obtain copes of:

(a)  All medical reports of physicians, hospitals, physical therapists, pharmacists or any other health care provider by whom plaintiff was treated or who plaintiff consulted since the date of the accident and any health care providers who plaintiff consulted or by whom plaintiff was treated prior to the accident involved in this action for any injury or condition to any parts of the body claimed to have been injured in the occurrence referred to in this action.

(b)  All diagnostic tests and images, including, but not limited to MRIs, Cat scans, X-rays, etc.

(c)  All medical reports which contain a detailed recital of the injuries and conditions as to which testimony will be offered at trial.  Said reports to contain a complete history, diagnosis and prognosis for each injury and aspect of injury for which plaintiff claims defendant(s) is responsible and for which plaintiff intends to offer proof at trial.  Defendant(s) will object to introduction of any evidence regarding injuries which are not contained in the medical reports demanded.

(d)  Copies of all medical reports of physicians who have previously examined plaintiff(s) on behalf of any insurance company, including, but not limited to Worker's Compensation, no-fault, etc.

(e)  Authorization in accordance with form attached to obtain any of plaintiff's records subpoenaed for the purpose of this litigation.

**PLEASE TAKE FURTHER NOTICE**, that all of the demands made herein are continuing demands and that if any of the above items are obtained after the date of this Combined

Demand, the same are to be furnished to the undersigned forthwith pursuant to these Combined Demands. The undersigned will object at the time of the trial of this action to the testimony of any persons not so identified and the use of any statements, accident reports and photographs not provided pursuant to this Demand.

Dated: New York, New York  
       March 20, 2008                             Yours, etc.,

_____  
**MARJORIE E. BORNES, ESQ. (MEB6505)**  
Attorney for Defendant(s) *Level Trans Corp*  
330 West 34th Street-7th Floor  
New York, NY 10001  
(212) 857-8252

**TO:**   **BARON & PAGLIUGHI, ESQS.**  
      **By Regular mail and efiling**  
      Peter D. Baron (PDB 8519)  
      Attorneys for Plaintiff  
      85 Main Street – Suite A  
      Cold Spring Harbor, NY 11724  
      (631) 367-7000

**By Regular Mail:**

    **MOHAMED M. DIALLO**  
    2937 8th Avenue  
    New York, NY 10039

    **129 BROADWAY, INC.**  
    3225 Broadway  
    New York, NY 10027

    **HORIZON PLANNING SERVICES LTD.**  
    550 Old Country Road, Suite 410  
    Hicksville, NY 11801

    **BILL WOLF PETROLEUM CORP.**  
    3225 Broadway  
    New York, NY 10027

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DIOGENS MENDEZ,

                              Plaintiff(s),

      - against -

MOHAMED M. DIALLO, LEVEL TRANS CORP.,
129 BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES,
LTD.,

                              Defendant(s).
-----------------------------------------------------------------x

Justice (Chin, J)
08 CV 01281

**Notice Declining
Service by
Facsimile**

SIRS:

      **PLEASE TAKE NOTICE** that this office does not accept service of papers, notices, motions, etc. by facsimile (fax) transmittal or by any other electronic means.

Dated: New York, New York
       March 20, 2008                                Yours, etc.,

_____
**MARJORIE E. BORNES, ESQ. (MEB6505)**
Attorney for Defendant(s) *Level Trans Corp*
330 West 34th Street-7th Floor
New York, NY 10001
(212) 857-8252

**TO:**   **BARON & PAGLIUGHI, ESQS.**
**By regular mail and efiling**
Peter D. Baron (PDB 8519)
Attorneys for Plaintiff
85 Main Street – Suite A
Cold Spring Harbor, NY 11724
(631) 367-7000

**By Regular Mail:**

**MOHAMED M. DIALLO**
2937 8th Avenue
New York, NY 10039

**129 BROADWAY, INC.**
3225 Broadway
New York, NY 10027

**HORIZON PLANNING SERVICES LTD.**
550 Old Country Road, Suite 410
Hicksville, NY 11801

**BILL WOLF PETROLEUM CORP.**
3225 Broadway
New York, NY 10027

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DIOGENS MENDEZ,

         Plaintiff(s),

  - against -

MOHAMED M. DIALLO, LEVEL TRANS CORP.,
129 BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES,
LTD.,

         Defendant(s).
-----------------------------------------------------------------x

Justice (Chin, J)
08 CV 01281

**Notice to take
Deposition upon
Oral Examination**

S I R (S):

  **PLEASE TAKE NOTICE**, that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the testimony, upon oral examination of **All Parties** as an adverse party will be taken before a **NOTARY PUBLIC**, who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as juror because of interest or because of consanguinity or affinity to any party herein, at **THE OFFICES OF MARJORIE E. BORNES, 330 West 34th Street, 7th Floor, NEW YORK, N.Y. 10001** on the **24th day of April, 2008 at 11:00 o'clock** in the forenoon (OR TO BE DETERMINED BY ALL PARTIES) of that day with respect to evidence material and necessary in the prosecution-defense of this action:

  All of the relevant facts and circumstances in connection with the accident which is the subject of this litigation, including negligence, contributory negligence, liability and damages.

  That the said person to be examined is required to produce at such examination the following:

  Any and all books, records, papers, documents, and all memoranda relevant to the matters upon which said examination is to be conducted.

Dated: New York, New York
   March 20, 2008         Yours, etc.,


_____
**MARJORIE E. BORNES, ESQ. (MEB6505)**
Attorney for Defendant(s) *Level Trans Corp*
330 West 34th Street-7th Floor
New York, NY 10001
(212) 857-8252

TO:    **BARON & PAGLIUGHI, ESQS.**
**By regular mail and efiling**
Peter D. Baron (PDB 8519)
Attorneys for Plaintiff
85 Main Street – Suite A
Cold Spring Harbor, NY 11724
(631) 367-7000

**By Regular Mail:**

**MOHAMED M. DIALLO**
2937 8th Avenue
New York, NY 10039

**129 BROADWAY, INC.**
3225 Broadway
New York, NY 10027

**HORIZON PLANNING SERVICES LTD.**
550 Old Country Road, Suite 410
Hicksville, NY 11801

**BILL WOLF PETROLEUM CORP.**
3225 Broadway
New York, NY 10027