| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK_____<br>DIOGENS MENDEZ,<br>　　　　　　　　　　　　　　　Plaintiff,<br>　　　-against-<br><br>MOHAMED M. DIALLO, LEVEL TRANS CORP.,<br>129 BROADWAY, INC., BILL WOLF PETROLEUM<br>CORP., and HORIZON PLANNING SERVICES, LTD.,<br>　　　　　　　　　　　　　　　Defendants<br>_____ | Justice Chin, J<br>……….08-CV-01281<br><br>**VERIFIED ANSWER<br>TO COMPLAINT<br>AND CROSS-CLAIM<br>WITH DEMAND FOR<br>TRIAL BY JURY**<br><br>File No. 540239 |

　　　　Defendant, MOHAMED M. DIALLO, by his attorney, MICHAEL I. JOSEPHS, ESQ**.**, an Associate of BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC, answers Plaintiff's Complaint as well as the cross-claim of co-Defendant, LEVEL TRANS CORP., by alleging the following upon information and belief:

**I.**　　**DEFENDANT DIALLO ANSWERS PLAINTIFF'S COMPLAINT:**

　　　　1.　　Denies each and every allegation contained in paragraphs number 1, 3, 4, 9, 11, 12, 16, 17, 18 & 19.

　　　　2.　　Lacks knowledge sufficient to admit or deny the allegations contained in paragraphs number 6, 7, 8, 13, 15, 21 through 32, 34 through 45, and 47 through 54.

　　　　3.　　Lacks knowledge sufficient to admit or deny the allegation contained in paragraph 2 in relation to Plaintiff, DiOGENS MENDEZ or Defendants, 129 BROADWAY, INC., BILL WOLF PETROLEUM CORP., and HORIZON PLANNING SERVICES LTD.

4. Repeats, reiterates and realleges the answers to all paragraphs referred to in paragraphs 20, 33 & 46.

## II. DEFENDANTS DIALLO ANSWERS CROSS-CLAIM OF DEFENDANT LEVEL TRANS CORP.

5. Denies each and every allegation contained in paragraphs number 22 & 23.

## III.        AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

5. That the Court lacks personal jurisdiction over the answering defendant(s) in that the Summons and Complaint were not served upon the defendant(s), and if the Summons were served, it was not in accordance with the applicable provisions of Article 3 of the CPLR, said provisions governing the service of process.

## IV.        AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE

6. Plaintiff(s) did not sustain a "serious injury" and cannot maintain this action under Article 51 of New York's Insurance Law and the action must, therefore, be dismissed.

## V.        AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE

7. Upon information and belief, pursuant to CPLR §1412, any damages sustained by

plaintiff(s) were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of plaintiff(s) and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care on the part of the plaintiff(s) pursuant to CPLR Article 14-A.

**VI.**           **AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE**

       8.      Pursuant to C.P.L.R. 4545, plaintiff(s)'s recovery should be reduced by any amounts received or to be received by plaintiff(s) from collateral sources of payment.

**VII.**           **AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE**

       9.      That if it be determined hereafter that plaintiff(s) or any party to this lawsuit has proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling to Plaintiff, then and in that event, the answering defendant hereby pleads that ruling or award on the theory of collateral estoppel of Plaintiff's complete or partial recovery in the instant case.

**VIII.**           **AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE**

      10.     Plaintiff's injuries do not meet the jurisdictional amount required for actions in this Court.

**IX.**           **AS AND FOR THEIR SEVENTHTH AFFIRMATIVE DEFENSE**

      11.     That the liability of the instant defendants, if any, does not exceed fifty (50%) percent of the liability assigned to all liable persons, if any, and therefore the liability of the instant defendants, if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

## X.   CROSS-CLAIM AGAINST DEFENDANTS LEVEL TRANS CORP., 129 BROADWAY, INC., BILL WOLF PETROLEUM CORP., and HORIZON PLANNING SERVICES, LTD.

12.   If Plaintiff was caused to sustain any injuries and/or damages, as alleged in her Complaint, through the negligence, recklessness, carelessness and/or culpable conduct other than the Plaintiff's own negligence, recklessness, carelessness and/or culpable conduct, said injuries and damages were caused by the negligence, recklessness, carelessness and/or affirmative acts of omission or commission and/or other culpable conduct of the co-defendants against whom this cross-claim is brought, and if any judgment is recovered herein by the plaintiff against the instant defendant, then this defendant demands indemnification and/or contribution from the co-defendants.

13.   By reason of the foregoing, the co-defendants against whom this cross-claim is pleaded, on the basis of apportionment of responsibility for the alleged occurrence, pursuant to Article Fourteen of the CPLR, and on the basis of common law indemnification, are liable in contribution and/or indemnification to the instant defendant, asserting this cross-claim, and if any judgment is recovered herein by the plaintiff against the instant defendant, this defendant will be damaged thereby and the co-defendants against whom this cross-claim is pleaded is or will be responsible therefore.

W H E R E F O R E, the answering Defendant, MOHAMED M. DIALLO, hereby demand judgment dismissing the Complaint with costs or, in the alternative, if the Complaint shall not be dismissed, than the amount of damages otherwise recoverable against the instant

Defendant shall be diminished in the proportion to the culpable conduct attributable to any and all of the co-defendants as well as that of the Plaintiff, if any. Accordingly, the instant answering Defendant further demands pursuant to §3019(b) of the CPLR, that the ultimate rights of the Defendants in this action as amongst themselves be determined, and that the instant Defendant have judgment over and against any and all Co-defendants found to be liable for the amount of any verdict and/or judgment which may be obtained herein by the Plaintiffs against the instant Defendant, or in the alternative, pursuant to Article 14 of the CPLR, that the instant Defendant obtain contribution toward any verdict or judgment in this action, together with costs and disbursements, as well as attorneys' fees. In the event that this case goes to trial, *demand is hereby made for a trial by jury*.

Dated: New York, N.Y.
      April 11, 2008

            MICHAEL I. JOSEPHS, ESQ.
            Baker, McEvoy, Morrissey & Moskovits, PC
            Attorneys for Defendant, MOHAMED M. DIALLO
            330 West 34th Street, 7th Floor
            New York, New York 10001
            212 845-8744

_____
Michael I. Josephs, Esq.

TO:

PETER D. BARON, ESQ.
BARON & PAGLIUGHI
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
631-367-7000

MARJORIE E. BORNES, ESQ.
Attorney for Defendant, LEVEL TRANS CORP.
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252

129 BROADWAY, INC.*
125 Jericho Turnpike
Jericho, NY 11753

BILL WOLF PETROLEUM CORP.*
125 Jericho Turnpike
Jericho, NY 11753

HORIZON PLANNING SERVICES, LTD.*
550 Old Country Road, Suite 410
Hicksville, NY 11801

**Attorneys for these Defendants are not known to the certifier at this time.

UNITED STATES DISTRICT COURT                                   Justice Chin, J
SOUTHERN DISTRICT OF NEW YORK_____ ……….08-CV-01281
DIOGENS MENDEZ,
                                        Plaintiff,

        -against-


MOHAMED M. DIALLO, LEVEL TRANS CORP.,
129 BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES, LTD.,
                                        Defendants
_____                 File No. 540239


CERTIFICATION OF SERVICE BY ELECTRONIC FILING


State of New York    )
                          ss.
County of New York)


       Michael Josephs, an attorney admitted to practice in the United States District

Court for the Southern District of New York, hereby certifies that on April 11, 2008, an

Answer To Plaintiff's Amended Complaint was filed electronically with the Clerk of the

Court, and therefore available for copying by the other parties in this case:


PETER D. BARON, ESQ.
BARON & PAGLIUGHI
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
631-367-7000


MARJORIE E. BORNES, ESQ.
Attorney for Defendant, LEVEL TRANS CORP.
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252

129 BROADWAY, INC.*
125 Jericho Turnpike
Jericho, NY 11753


BILL WOLF PETROLEUM CORP.*
125 Jericho Turnpike
Jericho, NY 11753


HORIZON PLANNING SERVICES, LTD.*
550 Old Country Road, Suite 410
Hicksville, NY 11801


**Attorneys for these Defendants are not known to the certifier at this time.



Dated:  April 11, 2008
       New York, New York            _____
                                           Michael I. Josephs, Esq.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK_____ | Justice Chin, J |
| DIOGENS MENDEZ,<br>         Plaintiff,<br>  -against- | 08-CV-01281<br><br>**DISCLOSURE OF**<br>**INTERESTED PARTIES** |
| MOHAMED M. DIALLO, LEVEL TRANS CORP.,<br>129 BROADWAY, INC., BILL WOLF PETROLEUM<br>CORP., and HORIZON PLANNING SERVICES, LTD.,<br>         Defendants<br>_____ | <br><br><br>File No. 540239 |

  The defendant, MOHAMED M. DIALLO, by his attorney, MICHAEL I. JOSEPHS, ESQ., an Associate of BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC, having filed an initial pleading in the above captioned matter, makes the following disclosure, as required by Local Rule 7.1:

  Defendant, MOHAMED M. DIALLO, is an individual and is not a corporation.

Dated: April 11, 2008
    New York, New York

               MICHAEL I. JOSEPHS, ESQ.
             Baker, McEvoy, Morrissey & Moskovits, PC
                Attorney for Defendant
                 MOHAMED M. DIALLO
              330 West 34th Street, 7th Floor
               New York, New York 10001
                  (212) 845-8744

             _____
                Michael I. Josephs, Esq.

CERTIFICATION OF SERVICE BY ELECTRONIC FILING

State of New York    )
                       ss.
County of New York)


         Michael I. Josephs, an attorney admitted to practice in the United States District Court for the Southern District of New York, hereby certifies that on April 11, 2008, a Rule 7.1 Disclosure Statement on behalf of Defendant MOHAMED M. DIALLO was filed electronically with the Clerk of the Court, and is therefore available for copying by the other parties in this case:


PETER D. BARON, ESQ.
BARON & PAGLIUGHI
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
631-367-7000


MARJORIE E. BORNES, ESQ.
Attorney for Defendant, LEVEL TRANS CORP.
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252


129 BROADWAY, INC.*
125 Jericho Turnpike
Jericho, NY 11753


BILL WOLF PETROLEUM CORP.*
125 Jericho Turnpike
Jericho, NY 11753

HORIZON PLANNING SERVICES, LTD.*
550 Old Country Road, Suite 410
Hicksville, NY 11801

**Attorneys for these Defendants are not known to the certifier at this time.



Dated:  April 11, 2008
       New York, New York                _____
                                              Michael I. Josephs, Esq.