| | |
|---|---|
| UNITED STATES DISTRICT COURT | Justice Chin, J |
| SOUTHERN DISTRICT OF NEW YORK | |
| DIOGENS MENDEZ, | 08-CV-01281 |
|                Plaintiff, | |
|    -against- | **DEMAND FOR INTERROGATORIES** |
| MOHAMED M. DIALLO, LEVEL TRANS CORP., 129 BROADWAY, INC., BILL WOLF PETROLEUM CORP., and HORIZON PLANNING SERVICES, LTD., | |
|                Defendants | File No. 540239 |

SIR(S):

    **PLEASE TAKE NOTICE** that the Defendant, MOHAMED M. DIALLO, requires that the Plaintiff, DIOGENS MENDEZ, answer under oath, within the time prescribed by the rules of this court, the interrogatories annexed hereto.

Dated: New York, NY
       April 11, 2008

                                     MICHAEL I. JOSEPHS, ESQ.
                             Baker, McEvoy, Morrissey & Moskovits, PC
                                    Attorneys for Defendant
                                     MOHAMED M. DIALLO
                                   330 West 34th Street, 7th Floor
                                     New York, New York 10001
                                        212 845-8744

                                      Michael I. Josephs, Esq.

TO:

PETER D. BARON, ESQ.
BARON & PAGLIUGHI
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
631-367-7000

MARJORIE E. BORNES, ESQ.
Attorney for Defendant, LEVEL TRANS CORP.
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252


129 BROADWAY, INC.*
125 Jericho Turnpike
Jericho, NY 11753


BILL WOLF PETROLEUM CORP.*
125 Jericho Turnpike
Jericho, NY 11753

HORIZON PLANNING SERVICES, LTD.*
550 Old Country Road, Suite 410
Hicksville, NY 11801

**Attorneys for these Defendants are not known to the certifier at this time.

| | |
|---|---|
| UNITED STATES DISTRICT COURT | Justice Chin, J |
| SOUTHERN DISTRICT OF NEW YORK | |
| DIOGENS MENDEZ, | 08-CV-01281 |
|                 Plaintiff, | |
|     -against- | |
| | **INTERROGATORIES** |
| MOHAMED M. DIALLO, LEVEL TRANS CORP., | |
| 129 BROADWAY, INC., BILL WOLF PETROLEUM | |
| CORP., and HORIZON PLANNING SERVICES, LTD., | |
|                 Defendants | |
| | File No. 540239 |

SIRS:

**PLEASE TAKE NOTICE** that pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff is hereby required to answer under oath within thirty (30) days the following interrogatories:

1. State Plaintiff's full name, date and place of birth, present address, maiden name, if married, and social security number.

2. State Plaintiff's home address at the time of the alleged accident.

3. State the date and time of the occurrence.

4. State the location of the accident in sufficient detail to permit identification, giving directions in which each car was proceeding.

5. Statement of the acts or omissions constituting the negligence claimed.

6. The statutes, rules, regulations or ordinances, if any, claimed to be violated, specifying the particular provisions and in what manner same were allegedly violated.

7. Describe in detail your version of the accident or occurrence setting forth the date, location, time and weather, specifying which part(s) of the respective vehicles came into contact with each other or with pedestrians, or fixed objects.

8. If the accident occurred at an intersection, set forth the type of traffic control device and said intersection, the direction in which each vehicle was traveling prior to the impact, and the location of impact in relation to the intersection.

9. Set forth whether Plaintiff was a passenger or driver of a vehicle involved in the impact, identifying the vehicle, its direction of travel before impact and the place where it came to rest after impact.  If Plaintiff was a pedestrian, indicate where Plaintiffs was, immediately prior to impact and describe how Plaintiff claims the accident occurred.

**IF PERSONAL INJURIES ARE BEING CLAIMED, SET FORTH (No's 10 through 19):**

10. The nature, extent, location and duration of each and every injury alleged to have been sustained by the Plaintiff and which, if any, are claimed to be permanent; together with a statement as to whether or not the Plaintiff has ever sustained a previous or subsequent injury to those portions of the body which are being claimed herein and if so, the date of said injury.

11. The length of time, giving specific dates, Plaintiff was confined to, the hospital, bed, and home as a result of the alleged injuries.

12. The amount of wages claimed lost.

13. Total amounts claimed as special damages and names and addresses of all medical providers including all bills for, physicians; medical supplies; nursing services; hospitals; x-rays or other diagnostic tests; and any other items of special damages.

14. Set forth in what respect Plaintiff claims to have sustained a serious injury or economic loss as defined in Article 51 of the New York Insurance Law.

**IF A DEFECTIVE CONDITION IS CLAIMED (No's. 15 through 17):**

15. The defect claimed to have caused the occurrence, giving the nature, location and approximate size.

16. If actual notice is claimed, give the date, time, place, and manner, and state by whom and to whom said notice was given and, if in writing, furnish a copy. If oral, state the substance of the notice, identify to whom and when given.

17. If constructive notice is claimed, state the nature of the condition and the length of time same is claimed to have existed.

18. State the full name and last known address of every witness of facts and circumstances surrounding the happening of the incident referred to in the complaint or your alleged injuries including, but not limited to, eyewitnesses to such event, as well as, medical witnesses and other persons having any knowledge thereof.

19. State whether Plaintiff's attorney or anyone acting for Plaintiff on his behalf obtained statements in any form from any persons regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint, providing the names and addresses of each person from whom said statement was taken.

20. State the year, make and license plate number of each vehicle alleged to be involved in the accident.

**PLEASE TAKE FURTHER NOTICE** that these interrogatories shall be continuing so as to require supplemental answers if additional information is obtained at the time the answers are served and the time of trial.

**PLEASE TAKE FURTHER NOTICE** that in the event of Plaintiff's failure to comply with the aforesaid demand within thirty (30) days, the undersigned will move this court as it deems appropriate for an order dismissing the action and rendering judgment by default for willful failure to disclose information.

Dated: New York, NY
April 11, 2008

                          MICHAEL I. JOSEPHS, ESQ.
                 Baker, McEvoy, Morrissey & Moskovits, PC
                            Attorneys for Defendant
                             MOHAMED M. DIALLO
                        330 West 34th Street, 7th Floor
                            New York, New York 10001
                                  212 845-8744

                              _____
                                Michael I. Josephs, Esq.

TO:

PETER D. BARON, ESQ.
BARON & PAGLIUGHI
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
631-367-7000

MARJORIE E. BORNES, ESQ.
Attorney for Defendant, LEVEL TRANS CORP.
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252

129 BROADWAY, INC.*
125 Jericho Turnpike
Jericho, NY 11753

BILL WOLF PETROLEUM CORP.*
125 Jericho Turnpike
Jericho, NY 11753

HORIZON PLANNING SERVICES, LTD.*
550 Old Country Road, Suite 410
Hicksville, NY 11801


**Attorneys for these Defendants are not known to the certifier at this time.

| | |
|---|---|
| UNITED STATES DISTRICT COURT | Justice Chin, J |
| SOUTHERN DISTRICT OF NEW YORK | |
| DIOGENS MENDEZ, | 08-CV-01281 |
| Plaintiff, | |
| -against- | **NOTICE FOR DISCOVERY AND INSPECTION AND DEMAND TO FURNISH INFORMATION** |
| MOHAMED M. DIALLO, LEVEL TRANS CORP., 129 BROADWAY, INC., BILL WOLF PETROLEUM CORP., and HORIZON PLANNING SERVICES, LTD., | |
| Defendants | |
| | File No. 540239 |

SIRS:

**PLACE OF DISCOVERY**:  OFFICE OF:
Baker, McEvoy, Morrissey & Moskovits, PC
Attorneys for Defendant
MOHAMED M. DIALLO
330 West 34th Street, 7th Floor
New York, New York 10001
(212) 857-8230

**DATE & TIME OF DISCOVERY**:   MAY 22, 2008 AT 9:30 AM

**PLEASE TAKE NOTICE**, that the Plaintiff herein, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure is/are required to produce and allow discovery, inspection and copying to be made by the Defendants herein, and the Defendants' attorneys of the following items, writings and objects maintained, controlled and supervised by the Plaintiff or his/her/its/their attorneys, agents, servants and/or employees:

1.   True copy of any statement of Defendant(s) herein.

2.   The names and last known address of any witness to the occurrence or the condition involved herein.

3.   Any and all repair bills and/or estimates relating to damage to property occasioned by the occurrence or subject matter of the complaint;

4.If a claim for wrongful death is being made herein:

(a) furnish a true and complete copy of decedent's Death Certificate, Letters of Administration or Letters Testamentary, the autopsy report, if any, and a duly executed current Authorization to obtain the same if the latter is not in the Plaintiff's possession;

(b) set forth the names of the next of kin, heirs at law and distributees of the deceased specifying as to each their address, date of birth, occupation, marital status, relationship to the deceased, whether the deceased financially contributed to such heir or distributee and if so, the amount(s) and duration of same.

5.If a Worker's Compensation or a Social Security or other claim for disability has been made as a result of the alleged accident complained of herein, furnish true and complete copies of all claim papers submitted therefore as well as duly executed current Authorizations to the Worker's Compensation Board, the insurance carrier involved, the Social Security Administration and the State Department of Labor or its equivalent so as to permit Defendants inspection of such files as to any papers not presently furnished.

6.Notice of Arbitration Award in any Arbitration Proceeding arising from the accident, which is the subject of this action.

7.Copies of any transcripts of testimony of any party taken in any

(a) motor vehicle hearing,

(b) hearing, trial or other proceeding regarding the violation of any code, ordinance or statute,

(c) hearing pursuant to § 50-h of the GML, and

(d) trial, action or proceeding arising out of the facts or circumstances giving rise to this action. If any of the foregoing occurred, but no transcript is available, so state.

8. Names and address of each party and attorney appearing in this action.

### DEMAND FOR ACCIDENT REPORT

**PLEASE TAKE FURTHER NOTICE**, that the undersigned hereby demands that you produce and allow the undersigned to inspect and photocopy:

(a) any written accident report(s) in the care, custody and control of any other parties or their attorneys which were prepared in the regular and ordinary course of business operations or practices of any person, firm, corporation, association or other public or private entity concerning the accident which is the subject of this lawsuit, including but not limited to, a copy of any operator's and/or owner's Motor Vehicle 104 accident report concerning this accident.

(b) Provide a true copy of any official reports, including but not limited to, Police Accident or aided Reports in the possession of any parties served with this Demand.

### DEMAND FOR PHOTOGRAPHS, SLIDES, VIDEO TAPES AND MOTION PICTURES:

**PLEASE TAKE FURTHER NOTICE**, that the undersigned hereby demands that all other parties to this action produce and/or provide true copies of:

(a) any and all photographs, slides, video tapes or motion pictures, if any, of the scene of the accident and, if applicable, the motor vehicles involved in this accident; the alleged defective condition, if any; the injuries of either and/or both Plaintiffs; and any and all surveillance photographs, slides, video tapes or motion pictures taken of any Plaintiff which are in the possession, custody or control of any parties or their attorneys who have been served with this

Demand. If no such photographs, slides, video tapes or motion pictures are in the possession, custody or control of any parties herein or their attorneys so state in a sworn Reply to this Demand; and

    (b) each and every video tape, recording, surveillance tape, surveillance photograph, visual reproduction, movie picture, film and/or any visual evidence produced by an electronic device taken by or on behalf of any other parties to this action, their agents, servants, employees and/or counsel to such parties depicting or attempting to depict the physical and/or mental condition of each respective Plaintiff:

        (i) prior to the happening of the within accident and

        (ii) subsequent to the happening of the within accident.

If no such visual evidence is in the possession, custody or control of any party or their attorneys, so state in a sworn Reply to this Demand. The undersigned will object at the time the trial of this action to the introduction of any visual evidence not provided by the other parties to this action.

## DEMAND FOR EXPERT WITNESSES

**PLEASE TAKE FURTHER NOTICE** that pursuant t Rule 26 (a) (2), the undersigned hereby demands that all other parties to this action set forth the following:

    (a) the name and address of each and every person expected to be called as an expert witness at the time of trial of this action;

    (b) state in detail the subject matter on which each expert witness is expected to testify;

    (c) state the substance of the facts and opinions as to which each expert witness will testify;

    (d) a summary of the grounds for each expert witness' opinion; and

    (e) a summary of each expert witness' qualifications.

The undersigned will object at the time of the trial of this action to the testimony of any expert witness not so identified by the other parties to this action.

## DEMAND FOR EMPLOYMENT AND INCOME VERIFICATION

**PLEASE TAKE FURTHER NOTICE**, that if loss of earnings or diminution of earning capacity is being made, you are hereby required to serve the undersigned within thirty (30) days after receipt of this Notice, the following:

1. If the Plaintiff was not self-employed, duly executed and acknowledged original written authorizations directed to the last employer prior to the date of accident and the first employer subsequent to the date of accident so as to permit the securing of Plaintiff's entire personnel record including records regarding wages and attendance.

2. If the Plaintiff was self-employed, copies of federal income tax returns submitted in the two (2) years prior to the date of accident, in the year in which the accident occurred and for two (2) years subsequent to the date of the accident.

## DEMAND FOR COLLATERAL SOURCE INFORMATION

**PLEASE TAKE FURTHER NOTICE**, that the undersigned hereby demands that if any sum or sums have been paid or promised to any party served herein by any person claimed to be liable for the injuries or damages alleged in the Complaint within the meaning of General Obligations Law § 15-108, or if any cost, expense, loss of earnings or other economic loss was or will with reasonable certainty be replaced or indemnified, in whole or in part, by a collateral source within the meaning of CPLR §4545, set forth:

(a) the name and addresses of the person, corporation, insurance company or other entity making such payment(s) or promise(s) or providing such collateral source(s); and

(b) state the amount(s) which has been or will with reasonable certainty be received by

any party served herein.

## DEMAND FOR NO-FAULT INFORMATION

**PLEASE TAKE FURTHER NOTICE**, that the Defendant hereby demands that the Plaintiff furnish the undersigned attorney within thirty (30) days of this Notice, the following:

1. A verified statement setting forth the name, address, policy number and claim number of any company furnishing no-fault benefits to the Plaintiff as a result of the occurrence herein.

2. Duly executed and acknowledged written authorization enabling the undersigned to obtain the records relating to the Plaintiff of each company identified above.

## MEDICAL AUTHORIZATIONS AND REPORTS

Authorizations permitting the attorneys for Defendants to obtain copies of:

(a) All medical reports of physicians, hospitals, physical therapists, pharmacists or any other health care provider by whom Plaintiff was treated or who Plaintiff consulted since the date of the accident and any health care providers who Plaintiff consulted or by whom Plaintiff was treated prior to the accident involved in this action for any injury or condition to any parts of the body claimed to have been injured in the occurrence referred to in this action.

(b) All diagnostic tests and images, including, but not limited to MRI's, Cat Scans, X-Rays, etc.

(c) All medical reports which contain a detailed recital of the injuries and conditions as to which testimony will be offered at trial. Said reports to contain a complete history, diagnosis and prognosis for each injury and aspect of injury for which plaintiff claims defendants is responsible and for which Plaintiff intends to offer proof at trial. Defendants will object to introduction of

any evidence regarding injuries which are not contained in the medical reports demanded.

(d) Copies of all medical reports of physicians who have previously examined Plaintiff on behalf of any insurance company, including, but not limited to Worker's Compensation, no-fault, etc.

(e) Authorization in accordance with form attached to obtain any of Plaintiff's records subpoenaed for the purpose of this litigation.

**PLEASE TAKE FURTHER NOTICE**, that all of the demands made herein are continuing demands and that if any of the above items are obtained after the date of this Combined Demand, the same are to be furnished to the undersigned forthwith pursuant to these Combined Demands.  The undersigned will object at the time of the trial of this action to the testimony of any persons not so identified and the use of any statements, accident reports and photographs not provided pursuant to this Demand.

In lieu of strict compliance with the terms and conditions of this Notice, the undersigned will accept clearly legible photocopies of the said items, if received by the undersigned at least five (5) days prior to the return date hereof, together with a letter from the Plaintiff attorneys advising as to the completeness of the items provided.

Dated: New York, NY
April 11, 2008

                              MICHAEL I. JOSEPHS, ESQ.
                     Baker, McEvoy, Morrissey & Moskovits, PC
                         Attorneys for Defendant
                         MOHAMED M. DIALLO
                         330 West 34th Street, 7th Floor
                         New York, New York 10001
                         212 845-8744

_____
Michael I. Josephs, Esq.

TO:

PETER D. BARON, ESQ.
BARON & PAGLIUGHI
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
631-367-7000


MARJORIE E. BORNES, ESQ.
Attorney for Defendant, LEVEL TRANS CORP.
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252


129 BROADWAY, INC.*
125 Jericho Turnpike
Jericho, NY 11753


BILL WOLF PETROLEUM CORP.*
125 Jericho Turnpike
Jericho, NY 11753

HORIZON PLANNING SERVICES, LTD.*
550 Old Country Road, Suite 410
Hicksville, NY 11801


**Attorneys for these Defendants are not known to the certifier at this time.

| | |
|---|---|
| UNITED STATES DISTRICT COURT | Justice Chin, J |
| SOUTHERN DISTRICT OF NEW YORK | |
| DIOGENS MENDEZ, | 08-CV-01281 |
| Plaintiff, | |
| -against- | **NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION** |
| MOHAMED M. DIALLO, LEVEL TRANS CORP., 129 BROADWAY, INC., BILL WOLF PETROLEUM CORP., and HORIZON PLANNING SERVICES, LTD., | |
| Defendants | File No. 540239 |

SIRS:

     **PLEASE TAKE NOTICE**, that pursuant to Rule 30 of the Federal Rule of Civil Procedure, the testimony, upon oral examination of PLAINTIFF, DEFENDANTS, ALL PARTIES, as an adverse party will be taken before a NOTARY PUBLIC, who is not an attorney, or employee of an attorney, for any party or prospective parties herein and is not a person who would be disqualified to act as juror because of interest or because of consanguinity or affinity to any party herein, at **THE OFFICE OF BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC, 330 W. 34th Street, New York, NY 10001**, **on the 22nd day of May, 2008 at 10:00 o'clock** in the forenoon of that day (OR AT ANOTHER DATE & TIME TO BE DETERMINED BY ALL PARTIES) with respect to evidence material and necessary in the prosecution-defense of this action:

     All of the relevant facts and circumstances in connection with the accident which is the subject of this litigation, including negligence, contributory negligence, liability and damages.

     That the said person to be examined is required to produce at such examination the following:

     Any and all books, records, papers, documents, and all memoranda relevant to the matters upon which said examination is to be conducted.

Dated: New York, NY
April 11, 2008

            MICHAEL I. JOSEPHS, ESQ.
          Baker, McEvoy, Morrissey & Moskovits, PC
             Attorneys for Defendant
             MOHAMED M. DIALLO
          330 West 34th Street, 7th Floor
           New York, New York 10001
              212 845-8744

          _____
             Michael I. Josephs, Esq.

TO:

PETER D. BARON, ESQ.
BARON & PAGLIUGHI
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
631-367-7000


MARJORIE E. BORNES, ESQ.
Attorney for Defendant, LEVEL TRANS CORP.
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252


129 BROADWAY, INC.*
125 Jericho Turnpike
Jericho, NY 11753


BILL WOLF PETROLEUM CORP.*
125 Jericho Turnpike
Jericho, NY 11753


HORIZON PLANNING SERVICES, LTD.*
550 Old Country Road, Suite 410
Hicksville, NY 11801


**Attorneys for these Defendants are not known to the certifier at this time.

| | |
|---|---|
| UNITED STATES DISTRICT COURT | Justice Chin, J |
| SOUTHERN DISTRICT OF NEW YORK | |
| DIOGENS MENDEZ, | 08-CV-01281 |
| Plaintiff, | |
| -against- | |
| MOHAMED M. DIALLO, LEVEL TRANS CORP., 129 BROADWAY, INC., BILL WOLF PETROLEUM CORP., and HORIZON PLANNING SERVICES, LTD., | |
| Defendants | |
| | File No. 540239 |

CERTIFICATION OF SERVICE BY ELECTRONIC FILING

State of New York  )
                              ss.
County of New York)

      Michael Josephs, an attorney admitted to practice in the United States District Court for the Southern District of New York, hereby certifies that on April 11, 2008, a Demand for Interrogatories, Interrogatories, Notice for Discovery and Inspection and Demand to Furnish Information, and Notice to Take Deposition upon Oral Examination, were filed electronically with the Clerk of the Court, and therefore available for copying by the other parties in this case:

TO:

PETER D. BARON, ESQ.
BARON & PAGLIUGHI
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
631-367-7000


MARJORIE E. BORNES, ESQ.
Attorney for Defendant, LEVEL TRANS CORP.
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252

129 BROADWAY, INC.*
125 Jericho Turnpike
Jericho, NY 11753


BILL WOLF PETROLEUM CORP.*
125 Jericho Turnpike
Jericho, NY 11753

HORIZON PLANNING SERVICES, LTD.*
550 Old Country Road, Suite 410
Hicksville, NY 11801


**Attorneys for these Defendants are not known to the certifier at this time.



Dated:  April 11, 2008
        New York, New York            _____
                                           Michael I. Josephs, Esq.