# MMPS

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**

ATTORNEYS AT LAW
1000 WOODBURY ROAD   SUITE 402   WOODBURY, NY 11797
TELEPHONE: 516.712.4000   FAX: 516.712.4013
HTTP://WWW.MILBERMAKRIS.COM

May 29, 2008

Hon. Denny Chin, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1020
New York, NY 10007

      Re:    *Diogens Mendez v. Mohamed M. Diallo, et. al*
            Docket No.:   08-CV-01281
            <u>Our File No.:   475-5449</u>

Dear Judge Chin:

      This office represents defendant Horizon Planning Services, Ltd. ("Horizon") in the above referenced action. We respectfully request that your Honor set this matter down for a pre-motion conference, pursuant to your Honor's individual rules. The reasons for the request for the pre-motion conference are as follows:

      Plaintiff commenced this action by filing a Summons and Complaint on or about February 8, 2008. Horizon thereafter was granted an extension of time, up to and including June 6, 2008, by plaintiff in which to file an answer or otherwise move with respect to the Complaint. A copy of this stipulation is annexed hereto as Exhibit "A".

      In the Complaint the Plaintiff alleges that on or about April 17, 2007, defendant Mohamed M. Diallo, driving a vehicle owned by defendant Level Trans. Corp., "backed into and struck the plaintiff dragging him under said vehicle." Plaintiff alleges that this accident occurred on property owned by 129 Broadway, Inc., located at 3225 Broadway, New York, New York, and leased to defendant Bill Wolf Petroleum. The Complaint also alleges, in a single cause of action, that Horizon failed to procure for 129 Broadway liability insurance for the property upon which the alleged accident occurred.

      Horizon has not yet answered the Complaint and would like to move this court for an order, pursuant to Fed. R. Civ. Pro. 12(b)(6), dismissing the claim asserted against it for alleged failure to procure insurance, on the ground plaintiff cannot legally maintain such a cause of action.

      No appellate court in the State of New York has recognized a cause of action wherein the plaintiff commences suit against an insurance broker for the broker's alleged failure to procure insurance on property upon which the plaintiff was allegedly injured. *See e.g., Haigler v. City of New York*, 135 A.D.2d 362, 521 N.Y.S.2d 428 (1st Dept.

1987); *Halali v. Vista Environments, Inc.*, 245 A.D.2d 422, 666 N.Y.S.2d 196 (2d Dept. 1997); *Oathout v. Johnson*, 88 A.d.2d 1010, 451 N.Y.S.2d 932 (3rd Dept. 1982); *Henry v. Michael P. Guastella & Associates, Inc.*, 113 A.D.3d 435, 496 N.Y.S.2d 591 (4th Dept. 1985). New York Courts have consistently held that no cause of action exists under such facts since the injured plaintiff is neither a party to the contract for procurement of insurance or is an intended beneficiary of such a contract. "[I]t is well settled that where an insurance agent's negligence causes an insured to be without coverage, the agent cannot be held liable for damages sustained by an injured party as a consequence thereof, as the third party is not in privity with the agent and is not an intended beneficiary of the insurance contract." *Pressman v. Warwick Insurance Co.*, 213 A.D.2d 386, 387-388, 623 N.lY.S.2d 306, 308 (2d Dept. 1995); *see also Superior Ice Rink, Inc. v. Nescon Contracting Corp.*, 40 A.D.3d 963, 838 N.Y.S.2d 93 (2d Dept. 2007).

The facts alleged in the Complaint do not support a finding that plaintiff was either a party to the insurance procurement contract entered into between Horizon and 129 Broadway or that he was an intended beneficiary of the same. Under such circumstances, the claim for negligent procurement of insurance against Horizon must be dismissed.

In the alternative, Horizon wishes to move for an order severing the claim asserted again HORIZON from the tort claims asserted by plaintiffs against co-defendants[1] Pursuant to New York State law, a court may order severance of a claim or any separate issue, in "furtherance of convenience or to avoid prejudice". CPLR §603. The first three causes of action allege that the defendant's negligence in some way contributed to the alleged accident and plaintiff's injuries therefrom. However, the claim against Horizon arises from an alleged breach of contract and the alleged failure to procure insurance. As such, the claim against Horizon is different in nature from the negligence claims asserted against co-defendants and does not arise from a common nucleus of facts as the negligence claims. *Cf. Sichel v. Community Synagogue*, 257 A.D.2d 276, 682 N.Y.S.2d 382 (1st Dept 1998).

Accordingly, it is requested that this court set this matter down for a pre-motion conference, so that Horizon may move to dismiss the claim asserted against it by plaintiff, pursuant to Fed. R. Civ. Pro. 12(b)(6).

Very truly yours,

/s

Lorin A. Donnelly (LAD-0791)

Encl.

---

[1] Although no answer has yet been served by 129 Broadway, it is respectfully requested that in the event 129 Broadway asserts a cross-claim or commences a third party action against Horizon, that cross-claim or third party action likewise be severed from the personal injury claims asserted by plaintiff, pursuant to CPLR §§ 603, 1010.


MMPS
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

CC:    Peter D. Baron, Esq
Baron & Pagliughi, Esqs.
*Attorneys for Plaintiff*
85 Main Street, Suite A
Cold Spring Harbor, NY 11724
(631) 367-7000

Marjorie E Bornes, Esq.
*Attorney for Defendant Level Trans. Corp.*
330 W 34th Street
New York, NY 10001
(212) 857-8252

Michael I. Josephs, Esq
Baker McEvoy Morrissey Moskovits PC
*Attorneys for Defendant Mohamed M. Diallo*
330 West 34th Street, 7th Flr.
New York, NY 10001
(212) 857-8230

129 Broadway, Inc.
45 John Street, Suite 711
New York, NY 10038

Bill Wolf Petroleum Corp.
c/o Cary Wolf
25 Cobblers Lane
Dix Hills, NY 11746



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
DIOGENS MENDEZ,

       Plaintiff,

  -against-

MOHAMED M. DIALLO, LEVEL TRANS CORP.,
129 BROADWAY, INC., BILL WOLF PETROLEUM
CORP. and HORIZON PLANNING SERVICES LTD.,

       Defendants.
---------------------------------X

Civil Action No. CV 08-01281

STIPULATION
EXTENDING TIME

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/2008

IT IS HEREBY STIPULATED AND AGREED, that the time for defendant HORIZON PLANNING SERVICES, LTD. to respond to the Summons and Complaint in the above-entitled action is extended up to and including June 6, 2008.

IT IS HEREBY STIPULATED, AGREED AND CONSENTED TO THAT this stipulation may be executed in any number of counterparts, all of which counterparts, taken together, shall constitute one and the same instrument; and

IT IS HEREBY STIPULATED, AGREED AND CONSENTED TO THAT facsimile signatures to this stipulation may be treated and deemed as original signatures.

DATED: Woodbury, New York
    May 6, 2008

BARONE & PAGLIUCHI, ESQS.

By: _____
  Fred D. Baron, Esq. (PDB-8519)
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
(631) 367-7000
(631) 367-7908 Facsimile

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

By: _____
  Lorin A. Donnell, Esq. (DMK-2185)
Attorneys for Defendant
HORIZON PLANNING SERVICES LTD.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
(516) 712-4013 Facsimile

SO ORDERED:

_____
U.S.D.J.

5/7/08



# FACSIMILE TRANSMISSION FROM:

## DENNY CHIN
United States District Judge

Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1020
New York, New York 10007-1312

Telephone: (212) 805-0200                    Facsimile: (212) 805-7906

DATE:                              TIME:
    5/7/08                              2:44 PM

TO:
    Lorin A. Donnell

FIRM:
    Milber Makris Plousadis & Seiden, LLP

FAX NO.:
    (516) 712-4013

MESSAGE:    **YOU ARE REQUIRED TO FAX COPIES OF THE ATTACHED
            DOCUMENT TO ALL COUNSEL OF RECORD IN THIS CASE**

Number of Pages (including this cover page):  2