UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIOGENS MENDEZ,

                          Plaintiff(s).            **ANSWER**

       -against-

                                Index No.: CV 01281/08

MOHAMED M. DIALLO, LEVEL TRANS CORP., 129
BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES LTD.,

                          Defendant(s).
------------------------------------------------------------------------X

C O U N S E L O R:

      The defendant(s), BILL WOLF PETROLEUM CORP, answering the Complaint of the

plaintiff, allege upon information and belief, the following:

## ANSWERING COMPLAINT

    1.     Denies any sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations contained in paragraph **"1"** of the Complaint designated and refers all

questions of law to the Court.

    2.     Denies any knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph **"2"** of the Complaint designated except admits

that BILL WOLF PETROLEUM CORP. is a corporation duly organized and existing under the

laws of the State of New York and does business in the State of New York.

    3.     Denies any knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraphs of the Complaint designated **"3", "4", "5", "6"**

**and "8"**.

4.    Denies each and every allegation contained in paragraphs of the Complaint designated "7", except admits that BILL WOLF PETROLEUM CORP., is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

## ANSWERING COUNT I

5.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated **"9", "10", "11", "12", "13", "14" and "15".**

6.    Denies as to this answering defendant each and every allegation contained in the paragraphs of the Complaint designated **"16", "17", "18" and "19".**

## ANSWERING COUNT II

7.    Responding to the paragraph of the Complaint designated **"20",** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

8.    Denies each and every allegation contained in the paragraph of the Complaint designated **"21", "22", "23", "25", "26", "28", "29", "31" and "32".**

9.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "**24" and "27".**

10.    Denies each and every allegation contained in the paragraph of the Complaint designated **"30",** and respectfully refers all questions of law to this Honorable Court.

## ANSWERING COUNT III

11.    Responding to the paragraph of the Complaint designated **"33"**, repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

12.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated **"40"**.

11.    Denies each and every allegation contained in the paragraph of the Complaint designated **"34"**, **"35"**, **"36"**, **"37"**, **"38"**, **"39"**, **"41"**, **"42"**, **"43"**, **"44" and "45"**.

## ANSWERING COUNT IV

12.    Responding to the paragraph of the Complaint designated **"46"**, repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

13.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated **"47"**, **"48"**, **"49"**, **"50"**, **"51"**, **"52" and "53"**.

14.    Denies each and every allegation contained in the paragraph of the Complaint designated **"54"**.

## AS AND FOR A FIRST, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

15.    That the plaintiff's alleged damages representing the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss were or will, with reasonable certainty, be replaced or indemnified, in whole or in part, by or from a collateral source and this Court shall, pursuant to CPLR Section 4545(c), reduce the amount of

such alleged damages by the amount such damages were or will be replaced or indemnified by

such collateral source.

### AS AND FOR A SECOND, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

16.    This party's responsibility for non-economic loss, if any, which is expressly

denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a

party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and,

thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

### AS AND FOR A THIRD, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

17.    The injuries and damages allegedly sustained by plaintiff were caused in whole or

in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a

result of which the claim of plaintiff is therefore barred or diminished in the proportion that such

culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and

damages.

### AS AND FOR A FOURTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

18.    The Complaint fails to state a cause of action upon which relief can be granted as

to this party.

**AS AND FOR A FOURTH, SEPARATE, AFFIRMATIVE
AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED
CAUSE AND/OR CAUSES OF ACTION, THIS
DEFENDANT RESPECTFULLY SETS FORTH AND
ALLEGES UPON INFORMATION AND BELIEF:**

19.     Plaintiff's sole and exclusive remedy is confined and limited to the benefits and

provisions of Article 51 of the Insurance Law of the State of New York.

Plaintiff did not sustain a serious and permanent injury as defined by Section 5102 of the

Insurance Law of the State of New York, and his exclusive remedy is confined and limited to the

benefits and provisions of Article 51 thereof.

Plaintiff's cause of action is barred by Article 51, Section 5104 of the Insurance Law of

the State of New York.

*AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNIFICATON
AGAINST CO-DEFENDANT, THIS DEFENDANT ALLEGES THE FOLLOWING:*

That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the time and

place set forth in the Complaint through any carelessness, recklessness and/or negligence other

than the plaintiff's own, such damages were sustained in whole or in part due to the primary and

active carelessness, recklessness and negligence and/or negligent acts of omission or commission

of the co-defendant, its agent(s), servant(s) and/or employee(s) with the negligence of this

answering defendant(s), if any, being secondary, derivative and created solely by operation of

law.

If plaintiff(s) should recover judgment against the answering defendant(s), then co-

defendant(s) shall be liable to fully indemnify this answering defendant(s) for the amount of any

recovery obtained herein by plaintiff(s) against this answering defendant(s) as the Court or jury

may direct.

That by reason of this action, answering defendant(s) has (have) been and will be put to costs and expenses, including attorneys' fees, and, this defendant(s) demands judgment dismissing the Complaint herein as to this defendant(s) and, further, demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by the plaintiff(s) against this answering defendant(s) or in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

### *AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION AGAINST CO-DEFENDANT, THIS DEFENDANT ALLEGES THE FOLLOWING:*

That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of co-defendant(s), its agent(s), servant(s) and/or employee(s).

That co-defendant(s) agreed to hold harmless, fully indemnify and assume the defense of this defendant(s) and that such agreement was in full force and effect on the date of the incident made the subject of this litigation

That by reason of the foregoing, co-defendant(s) will be liable to fully indemnify this defendant(s) for the amount of any recovery which may be obtained herein by plaintiff(s) against this answering defendant(s) or, in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

That by reason of this section, this defendant(s) has/have been and will be put to costs and expenses, including attorneys' fees.

That demand has been made upon co-defendant to assume all responsibilities under such agreement and said demand has been wrongfully refused.

### *AS AND FOR A CROSS-CLAIM FOR COMMON LAW NEGLIGENCE AGAINST CO-DEFENDANT, THIS DEFENDANT ALLEGES THE FOLLOWING:*

That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of co-defendant(s), its agent(s), servant(s) and/or employee(s).

Further, if plaintiff(s) should recover judgment against this answering defendant(s), the co-defendant(s) shall be liable to this defendant on the basis of apportionment of responsibility for the alleged occurrence and this defendant is entitled to contribution from and judgment over and against co-defendant(s) for all or part of any verdict or judgment which plaintiff(s) may recover in such amounts as a jury or Court may direct.

This defendant(s) demands judgment dismissing the Complaint herein as to the answering defendant(s), and further demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by plaintiff(s) against this answering defendant(s) or in such amount as the Court or jury may determine, together with the costs and disbursements of the action.

### *AS AND FOR A CROSS-CLAIM FOR INSURANCE COVERAGE AGAINST CO-DEFENDANT, THIS DEFENDANT ALLEGES THE FOLLOWING:*

That if plaintiff(s) is/are entitled to recovery from this answering defendant(s), then co-defendant(s) will be obliged to fully indemnify this answering defendant as the co-defendants agreed that this answering defendant(s) shall be named as an Additional Insured on the policy or

policies of liability insurance obtained by co-defendant; that in the event said co-defendant(s) failed to procure such insurance coverage for this answering defendant then, pursuant to <u>Kinney v. G.W. Lisk Co.</u>, 76 N.Y.2d 215 (1990) said co-defendant(s) shall be liable for and shall indemnify and hold this defendant(s) harmless for any and all amounts awarded to said plaintiff(s), as well as all costs, disbursements and other damages associated with this litigation.

Further, if plaintiff(s) or any other party should recover judgment against this answering defendant(s), then co-defendant(s) shall be liable to this defendant(s) for the alleged occurrence and this defendant(s) is/are entitled to full indemnification from and judgment over against said co-defendant(s) for all or part of any verdict or judgment which any party may recover against the answering defendant(s) in such amounts as a jury or the Court may determine.

Answering defendant(s) demands judgment dismissing the Complaint herein as to this defendant(s) and, further, demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by the plaintiff against this answering defendant(s) or, in such amount as the Court or jury may determine, together with the costs and disbursements of the action and the costs of prosecuting this cross-claim.

WHEREFORE, defendant(s), demand(s) judgment dismissing the Complaint together with the costs and disbursements of this action.

Dated: New York, New York
       June 03, 2008

<div style="margin-left: 50%;">

Yours, etc.
LAW OFFICE OF JOHN P. HUMPHREYS

_____

By:    WARREN T. HARRIS (3323)
       Attorneys for Defendant
       **BILL WOLF PETROLEUM CORP**
       Office & P.O. Address

</div>

485 Lexington Avenue, 7th Floor
New York, NY  10017
(917) 778-6600
Matter No.:  0920473WTH

TO:
BARON & PAGLIUGHI, ESQ.
Plaintiff Counsel
85 Main Street, Suite A
Cold Spring Harbor, NY 11724
Telephone:  (212) 631-367-7908

Mohamed M. Diallo
2937 8th Avenue
New York, New York 10039

129 Broadway, Inc.
3225 Broadway
New York, New York 10027

Horizon Planning Services Ltd.
550 Old Country Road, Suite 410
Hicksville, New York 11801

Level Trans Corp.
370 West 51st Street
New York, New York 10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIOGENS MENDEZ,

|  | **DEMAND FOR FIRST SET** |
| Plaintiff(s). | **OF INTERROGATORIES** |

-against-

MOHAMED M. DIALLO, LEVEL TRANS CORP., 129   Index No.: CV 01281/08
BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES LTD.,

Defendant(s).
------------------------------------------------------------------------X

C O U N S E L O R S:

*PLEASE TAKE NOTICE*, that pursuant to the Federal Rules of Civil Procedure, this

Defendant BILL WOLF PETROLEUM CORP. represented by their attorney the LAW OFFICE

OF JOHN P. HUMPHREYS, demands that plaintiff serve upon it answers under oath to the

following Interrogatories within thirty (30) days after service hereof.

### *DEFINITION AND INSTRUCTIONS*

A.    As used herein, the term "date" means the month, day and year.

B.    As used herein, "document" or "documents" means any written, recorded, filmed

or graphic matter whether produced, reproduced on paper, cards, tapes, film, electronics,

facsimile, computer storage device or any other media which are or have been in the possession,

custody or control of the plaintiff, or other documents which are know by the plaintiff to exist.

C.    As used herein, the term "identify":

(i)    when sued with the reference to a natural person, means to set forth any
identifying characteristic, including but not limited to the full name,
present or last known business and home address, the present or last
known profession or profession or profession affiliation, present or last
known employers and position of such person, to the extent that such
information is known by you;

(ii)    when used with reference to any particular person, the information is to
be given only once;

(iii)    when used with reference to a corporation or business enterprise, shall be construed as requesting its name, address and type of business;

(iv)    when sued with reference to a document, means setting forth any identifying characteristics, including but not limited to:

(a)    the date, type of document (e.g. letter, memorandum, etc), author and addressee, each recipient of copies of each document and the title of same;

(b)    present location of the document;

(c)    the name, address, business affiliation and title of the persons with custody and/or control of the document; and,

(d)    the substantive terms thereof. If any such document is known to exist or to have existed but is no longer under your control, state what disposition has been made of it, by whom and the date thereof.

In lieu of providing such identification, you may annex to the Answer to these Interrogatories a true and correct copy of any document you are asked to identify.

D.    Reference to "you" means plaintiff, his agents, servants, employees and attorneys.

E.    Your answer to each Interrogatory should identify each document or "other source" relied upon which forms the basis for which the answer given or which in any way corroborates the answer given. In identifying each document, each "other source" refers to Paragraph "C" above.

F.    "Alleged occurrence" means the events described in plaintiff's Complaint which resulted in the injuries allegedly sustained by plaintiff.

G.    "Injuries" as used herein are those which are claimed to have resulted from the alleged occurrence.

H.    "And" and "Or" are to be construed in both the conjunctive and disjunctive.

I.    The use of the singular shall include the plural and the use of the plural shall include the singular; the use of the male pronoun shall include the female pronoun.

J.    Whenever the term "product" is used in these Interrogatories, reference is being made to the product(s) described in plaintiff's Complaint which form the basis of the action against this party.

K.    The foregoing definitions form an integral part of each of the following Interrogatories.

**_PLEASE TAKE FURTHER NOTICE_** that in the event you have no knowledge of any or all of the above, same shall be so stated.

**_PLEASE TAKE FURTHER NOTICE_** that these are continuing demands and supplemental responses up to the time the case is placed on the trial calendar are required.

**_PLEASE TAKE FURTHER NOTICE_** that in the event of your failure to furnish such a Interrogatories  within the said period of thirty (30) days, a motion will be made for an order precluding you from giving any evidence at the trial of the above items for which particulars have not been delivered in accordance with said demand.

1.    Give the day, date and exact time of the occurrence alleged in the Third-Party Complaint.

2.    With respect to the location where it is alleged the occurrence took place, state:
    (a)    the address of the premises in, at or near where the occurrence took place;
    (b)    the location where the occurrence took place as nearly as may be stated so as to permit ready identification and location;
    (c)    with regard to any stairway involved, specify the location of the stairway and of the step from which plaintiff claims plaintiff fell (street or ground floor to be counted as the first floor);
    (d)    with regard to any sidewalk involved, the location of the condition on the sidewalk, setting forth the distance from the nearest curb or intersecting street or from the building line or from another      described fixed object;

(e) with regard to any other floor or other surface, the location thereof in sufficient detail to permit ready identification and location and by distance from at least three described fixed objects;

(f) the location within the premises of any involved equipment, part or appurtenance (describe in adequate detail to permit ready identification and location);

(g) with regard to any elevator involved, the specific elevator involved (if there were more than one) and on what floor (or between what floors) was (were) the elevator(s) at the time of the occurrence.

3. Statement of the acts or omissions constituting the negligence claimed, if any, of this answering third-party defendant.

4. If any dangerous or defective condition is alleged:

(a) State the nature of the alleged dangerous or defective condition.

(b) Set forth the exact location of the defect.

(c) State whether it will be claimed that this answering third-party defendant had actual or constructive notice of said condition.

(d) If actual notice is claimed, a statement of when and to whom same was given, stating the names and dates.

(e) If it is alleged that this answering third-party defendant or the agents, servants and/or employees of this answering third-party defendant caused or created the condition, state the names of the persons who caused or created the condition and the dates when said condition was caused or created.

(f) If constructive notice is claimed, state:

(i) nature of condition;

(ii) location of condition;

(iii) duration of condition with date of inception to date constructive notice will be claimed to be given this answering third-party defendant.

5. If it is claimed that this answering third-party defendant breached any agreement, bailment, contract, lease, permit or warranty, or is liable pursuant to the terms of any agreement, bailment, contract, lease, permit or warranty:

(a) State whether such agreement, bailment, contract, lease, permit or warranty was oral or in writing.

(b) If oral:

(i) On what date was said agreement, bailment, contract, lease, permit or warranty entered into?

(ii) Where was it entered into?

(iii)    Who acted on behalf of each party to it?

(iv)    Set forth all of the terms and conditions of the agreement, bailment, contract, lease, permit or warranty.

(c)    If in writing, set forth a full, true and complete copy of the agreement, bailment, contract, lease, permit or warranty.

6.    State the manner in which it will be claimed that this answering third-party defendant breached its (their) agreement, bailment, contract, lease, permit or warranty.

7.    If strict liability is claimed against this answering third-party defendant, state:

(a)    the nature and basis of same;

(b)    the manner in which this answering third-party defendant is strictly liable.

8.    If a nuisance and/or trespass is claimed, state:

(a)    condition allegedly constituting same;

(b)    nature of said condition;

(c)    length of time it was in existence prior to the date of the occurrence.

9.    If res ipsa loquitur is claimed against this answering third-party defendant, state the nature and basis of same.

10.    If it is claimed that this answering third-party defendant violated any law, ordinance, regulation, rule or statute, specify the title, chapter and section of the law, ordinance, regulation, rule or statute which it is alleged that the answering third-party defendant violated.

11.    Set forth each and every injury and/or condition allegedly sustained by each plaintiff as a result of the said occurrence indicating:

(a)    Its nature, extent, location and duration;

(b)    A complete description of any injury and/or condition claimed to be r esidual or permanent; and

(c)    The name and address of each physician, dentist, osteopath, chiropractor, nurse, physiotherapist or other medical practitioner treating or examining the plaintiff; the date of each visit; and, whether treatment has ceased or is continuing.

12.    Give the length of time and specific dates it is claimed that each plaintiff was confined by reason of the alleged injuries:

    (a)    to bed;

    (b)    to house; and,

    (c)    if treated at or confined to a hospital or other medical facility, state the name and address thereof, and the dates of admission and discharge. If not confined to a hospital or other medical facility, so state.

13.    State with respect to each plaintiff:

    (a)    Plaintiff's place and date of birth and social security number. If plaintiff is a married woman, state maiden name.

    (b)    Plaintiff's occupation at the time of the occurrence, with a description of plaintiff's duties;

    (c)    The name and address of plaintiff's employer at the time of the alleged occurrence.

    (d)    The daily or weekly earnings (gross and net) at the time of the occurrence.

    (e)    If plaintiff was self-employed, set forth the business name and address of the plaintiff and the annual income (gross and net) of plaintiff from said business.

    (f)    Whether the plaintiff was incapacitated from said employment; if so, the length of time including the specific dates that the plaintiff was allegedly incapacitated from attending to said employment.

    (g)    If the plaintiff was a student, the name and address of the school attended and the dates, if any, when the plaintiff was absent from school.

14.    Set forth the total amounts claimed to have been spent or incurred by or on behalf of each plaintiff (setting forth the name of each provider of services along with the amount of the bill) for:

    (a)    hospital, clinic or other medical institutions' expenses;

    (b)    x-rays;

    (c)    physicians' services;

    (d)    nurses' services;

    (e)    medical supplies;

    (f)    loss of earnings and the basis of computation thereof; and,

    (g)    amount and nature (describing in detail) of any other special damages claimed.

15.    Pursuant to Federal Rules of Civil Practice, demand is hereby

made that you furnish the undersigned with a verified statement setting forth the post office

address and residence of each plaintiff indicating the street and number as well as the city and

state.

Dated: New York, New York
      June 03, 2008

                          Yours, etc.

                          LAW OFFICE OF JOHN P. HUMPHREYS

                          _____

                        By:   WARREN T. HARRIS (3323)
                               Attorneys for Defendant
                               **BILL WOLF PETROLEUM CORP**
                               Office & P.O. Address
                               485 Lexington Avenue, 7th Floor
                               New York, NY  10017
                               (917) 778-6600
                               Matter No.:  0920473WTH

TO:
BARON & PAGLIUGHI, ESQ.
Plaintiff Counsel
85 Main Street, Suite A
Cold Spring Harbor, NY 11724
Telephone:  (212) 631-367-7908

Mohamed M. Diallo
2937 8th Avenue
New York, New York 10039

129 Broadway, Inc.
3225 Broadway
New York, New York 10027

Horizon Planning Services Ltd.
550 Old Country Road, Suite 410
Hicksville, New York 11801

Level Trans Corp.
370 West 51st Street
New York, New York 10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DIOGENS MENDEZ,

                                  **COMBINED DEMANDS**

                  Plaintiff(s).

        -against-

                                 Index No.: CV 01281/08

MOHAMED M. DIALLO, LEVEL TRANS CORP., 129
BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES LTD.,

                  Defendant(s).

-------------------------------------------------------------------X

C O U N S E L O R S:

    ***PLEASE TAKE NOTICE,*** pursuant to Federal Rules of Civil Procedure that the undersigned hereby makes the following demands upon you, returnable at the office of the undersigned on the July 8, 2008.

1.     Demand for the Names and Addresses of all Witnesses;

2.     Demand for Expert Information;

3.     Demand for the Discovery and Inspection of any Statement by or on behalf of a Party Represented by the Undersigned;

4.     Notice of Discovery and Inspection for Medical Information and Authorizations;

5.     Notice of Discovery and Inspection of Photographs;

6.     Notices of any liens and listings of all bills for medical providers submitted to Medicare/Medicaid; and

7.     Demand for Income Tax Returns.

8.     Demand for Collateral Source.

That, in lieu of the foregoing, you may submit readable photocopies of the aforesaid documents by mailing them to the Law Office of JOHN P. HUMPHREYS, 485 Lexington Avenue, 7th Floor, New York, N.Y. 10017, on or before the date the documents are to be produced.

## *DEMAND FOR THE NAMES AND ADDRESS OF WITNESSES*

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned hereby demands, pursuant to Federal Rules of Civil Procedure that you set forth in writing and under oath, the name and address of each person claimed by any party you represent, to be a witness to any of the following;

    (a)    The occurrence alleged in the Complaint; or

    (b)    Any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint; or

    (c)    Any actual notice allegedly given to defendant or any servant, agent or employee of defendant of any condition which allegedly caused the occurrence alleged in the Complaint; or

    (d)    The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint.

If no such witnesses are known to you, so state in the sworn reply to this Demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.

## *DEMAND FOR EXPERT INFORMATION*

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned hereby demands, pursuant to Federal Rules of Civil Procedure that you set forth, in writing and under oath, the following information for each party you represent, after each expert is retained and prior to filing a Note of Issue:

    (a)    The name and business affiliation of each expert witness each party will call to testify at trial or whose opinion will be relied upon by any witness testifying at trial and the qualifications of each such expert in the field in which he will be offered to testify.

    (b)    The substance of the facts and opinions on which each expert is expected to testify.

    (c)    Each factual basis for said expert's opinion.

(d)    The dates of all oral and written reports provided by each expert.

If no such witnesses are known to you, so state in the sworn reply to this Demand.    The undersigned will object upon trial to the testimony of any witness not so identified.

### DEMAND FOR THE DISCOVERY AND INSPECTION OF ANY STATEMENT BY OR ON BEHALF OF A PARTY REPRESENTED BY THE UNDERSIGNED

**PLEASE TAKE FURTHER NOTICE,** that the undersigned demands, on behalf of the party it represents in this action, that pursuant to **Federal Rules of Civil Practice**, you produce at the time and place herein specified, and permit the undersigned to discover, inspect and copy each and every statement made by or taken from such party and its agents, servants or employees now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if such statement in any manner bears on the issues in this action.

### NOTICE FOR DISCOVERY AND INSPECTION FOR MEDICAL INFORMATION, ETC.

**PLEASE TAKE FURTHER NOTICE,** that pursuant Section 164.508 of the Federally mandated Health Insurance Portability and Accountability Act of 1996, (HIPAA), which became effective on April 14, 2003, all authorizations must be HIPAA compliant.

We hereby demand that you produce any and all HIPAA compliant authorizations (**form provided**) in addition to the authorizations demanded below.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to **Federal Rules of Civil Procedure**, you are required to produce and allow discovery to be made by this answering party of the following:

(a)    Copies of the medical reports of those physicians or other health providers who have previously treated, consulted or examined the party seeking recovery and who will testify in its behalf for any condition caused by or exacerbated by the occurrence alleged in the complaint.  These shall include but not be limited to a detailed recital of the injuries and conditions as to which testimony will be offered at the trial of this action referring to and identifying those x-ray and technicians' reports which shall be offered at the trial of this action and the date of each such treatment, consultation and examination.

(b)    Duly executed and acknowledged written authorizations permitting this party to obtain and make copies of all hospital or other health care facility records including x-rays and technicians' reports as may be referred to and identified in the reports of that party's physicians and other health care providers.

(c)    Any and all other medical data (including CAT scans, MRI's, EEG's,

EKG's, and other diagnostic tests) not hereinabove specifically referred to upon which you will rely upon or offer for consideration in the proceeding.

(d)     Any and all bills, invoices or receipts for treatment, medicines or appliances given for injuries or other physical conditions resulting from the occurrence referred to in the Complaint.

(e)     Fully executed and acknowledged written authorizations to obtain and copy No-Fault medical and wage records of each plaintiff from the date of the occurrence alleged in the Complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

(f)     Fully executed and acknowledged written authorizations to obtain and copy Worker's Compensation records of each plaintiff from the date of the occurrence alleged in the complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

(g)     Fully executed and acknowledged written authorizations to obtain records of disability benefits pursuant to Social Security Laws of each plaintiff from the date of the occurrence alleged in the Complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

### *DEMAND FOR DISCOVERY AND INSPECTION OF PHOTOGRAPHS*

**PLEASE TAKE FURTHER NOTICE,** that the undersigned demands on behalf of the party it represents in this action, that pursuant to **Federal Rules of Civil Procedure** et seq., you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy any and all photographs taken of the alleged scene or place of the occurrence and/or vehicles involved and complained of which are now in your possession, custody and control, or in the possession, custody and control of any party you represent in this action, if such photograph in any manner bears upon the issues in this action.

### *DEMAND FOR NOTICES OF ANY LIENS AND LISTINGS OF ALL*
### *BILLS FOR MEDICAL PROVIDERS SUBMITTED TO MEDICARE/MEDICAID*

**PLEASE TAKE FURTHER NOTICE,** that the undersigned hereby demands, pursuant to **Federal Rules of Civil Procedure** that you set forth in writing and under oath, the following information for each party you represent, and prior to filing a Note of Issue, the following collateral source providers/potential lien holders:

(a)     Medicare/Medicaid;

(b)    Workers Compensation;

(c)    Health Insurance;

(d)    Disability; and

(e)    Health Care Provider.

### *DEMAND FOR INCOME TAX RETURNS*

*PLEASE TAKE FURTHER NOTICE,* that the undersigned demands on behalf of the party it represents in this action that you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy the complete Income Tax returns for each party who is claiming or has claimed reimbursement for lost income due to the occurrence alleged in the Complaint for a three (3) year period preceding the date of the occurrence as alleged in the complaint. If said complete returns are not available, the undersigned is to be furnished with full and complete authorizations to obtain same in a form accepted by the United States Department of Internal Revenue.

*PLEASE TAKE FURTHER NOTICE,* that all of the foregoing are continuing demands and that if any of the above items are obtained after the date of this Demand, they are to be furnished to the attorney for this party, pursuant to these demands.

### *DEMAND FOR COLLATERAL SOURCE*

*PLEASE TAKE NOTICE,* that defendant requires that plaintiff produce for discovery, inspection and copying to undersigned counsel the following:

(a)    Any and all books, records, bills, insurance applications, insurance receipts, cancelled checks, copies of checks and any and all other records pertaining to collateral source reimbursement received by plaintiff or on behalf of plaintiff for the special damages alleged in the instant claim including, but not limited to, records of any person, institution, facility or government agency which has provided or will provide any reimbursement.

*PLEASE TAKE FURTHER NOTICE,* that in the event any of the requested documents

and/or items do not exist, a verified statement to that effect is to be served on the undersigned on

or before the aforesaid return date.

*PLEASE TAKE FURTHER NOTICE*, that this is a continuing demand notice and in the event any of the requested documents and/or items are obtained after the aforesaid return date, same are to be furnished to the undersigned within thirty (30) days after receipt.

*PLEASE TAKE FURTHER NOTICE*, that upon the failure to produce the requested documents and/or items on the date and at the time and place demanded, a Motion will be made for the appropriate relief.

Dated: New York, New York
      June 03, 2008

                                    Yours, etc.

                                    LAW OFFICE OF JOHN P. HUMPHREYS

                                    By:   WARREN T. HARRIS (3323)
                                            Attorneys for Defendant
                                            **BILL WOLF PETROLEUM CORP**
                                            Office & P.O. Address
                                            485 Lexington Avenue, 7th Floor
                                            New York, NY  10017
                                            (917) 778-6600
                                            Matter No.:  0920473WTH

TO:
BARON & PAGLIUGHI, ESQ.
Plaintiff Counsel
85 Main Street, Suite A
Cold Spring Harbor, NY 11724
Telephone:  (212) 631-367-7908

Mohamed M. Diallo
2937 8th Avenue
New York, New York 10039

129 Broadway, Inc.
3225 Broadway
New York, New York 10027

Horizon Planning Services Ltd.

550 Old Country Road, Suite 410
Hicksville, New York 11801

Level Trans Corp.
370 West 51st Street
New York, New York 10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIOGENS MENDEZ,

                           Plaintiff(s).

                 -against-

MOHAMED M. DIALLO, LEVEL TRANS CORP., 129
BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES LTD.,

                        Defendant(s).
------------------------------------------------------------------------x

**NOTICE FOR DISCOVERY
AND INSPECTION**

Index No.: CV 01281/08

PLEASE TAKE NOTICE, that pursuant to **Federal Rules of Civil Procedure**, that Defendant
129 BROADWAY, INC. is hereby required to produce for discovery, inspection and copying, at
the offices of LAW OFFICE OF JOHN P. HUMPHREYS, 485 Lexington Avenue, 7th Floor,
New York, New York 10017, with 30 days of the date of this Notice at 10:00 a.m., the
following:

    1.      Copies of all photos of the scene of the occurrence or of the instrumentalities
            involved in the occurrence as more fully described in plaintiff's complaint and
            Bill of Particulars.

    2.      Copies of all statements of defendants its agents, servants or employees in the
            possession of the co-defendant its agents, servants, employers or counsel pursuant
            to CPLR 3101(e).

    3.      Copy of any accident report of this incident prepared in the regular course of
            business pursuant to CPLR 3101(g).

    4.      Pursuant to CPLR sec. 3101(a) the names and addresses of any <u>witnesses</u>:

    (A)     to the occurrence and/or events complained of in the complaint;

    (B)     having knowledge of:

           1)     any wrongful act, error or admission allegedly committed or omitted by:

                (a)     each answering defendant;
                (b)     any other party in this action; and
                (c)     any person or party not named in this action.
           2.     any allegedly dangerous or defective condition with respect to any
             premise, instrumentality or device.

3.  the condition of the premises, instrumentality or device complained of in this action:

    (a)  on the date of the occurrence;
    (b)  within six months prior to the date of the occurrence;
    (c)  at any time subsequent to the occurrence.

If you are unaware of any witnesses at this time, at this time, please provide a statement to that effect.

5.  Pursuant to Federal Rules of Civil Procedure, the names and addresses and qualifications of any expert witnesses to be called at trial and the subject matter, the substance of facts and opinions, and a summary of the grounds for the opinions on which he or she is expected to testify.

6.  Copies of any Workers' Compensation accident report prepared by plaintiff's employer with respect to the accident herein alleged.

7.  Copies of any written notice of defect or of the condition complained of in as more fully described in plaintiff's complaint and Bill of Particulars.

8.  Records of all maintenance, inspections and repairs of the scene of the accident and defective conditions complained of herein performed, requested, assigned, authorized and/or contracted for, by or on behalf of the party you represent during a two year period up to and including the date of the accident herein, including but not limited to (1) inspection, logs, (2) maintenance logs, and (3) incident reports.

9.  Each prior notice received by the party you represent of the defective condition complained of in the complaint during a two year period up to and including the date of accident.  If no such notice was received by the party you represent, so state in the sworn reply to this demand.

10. Each of the following items relating to prior claims:

    a.  Notice of claim of prior accidents due to the defective condition alleged in this action during a two year period up to and including the date of the accident;

    b.  Reports and records of prior accidents due to the defective condition alleged in this action during a two year period up to and including the date of the accident.

11. A copy of (a) each and every primary, contributing and excess insurance agreement under which any person carrying on an insurance business may be

liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, (b) each and every insurance agreement in which the insurer is obligated to defend this action and (c) the certificates of insurance issued to the third-party defendant.

12.    Copy of the OSHA Log of Occupational Injuries and Illnesses for each injury or illness suffered by the within plaintiff for two years prior to the date of the within accident.

PLEASE TAKE FURTHER NOTICE, that upon your failure to produce the aforedescribed items at the time and place mentioned in this Notice, a Motion will be made for the appropriate relief. In lieu of strict compliance with the aforementioned conditions, the undersigned will accept clearly legible copies of said items if received on or prior to the return date of this Notice.

Dated: New York, New York
June 03, 2008

Yours, etc.
LAW OFFICE OF JOHN P. HUMPHREYS

By:    WARREN T. HARRIS (3323)
Attorneys for Defendant
**BILL WOLF PETROLEUM CORP**
Office & P.O. Address
485 Lexington Avenue, 7th Floor
New York, NY 10017
(917) 778-6600
Matter No.: 0920473WTH

TO:
BARON & PAGLIUGHI, ESQ.
Plaintiff Counsel
85 Main Street, Suite A
Cold Spring Harbor, NY 11724
Telephone: (212) 631-367-7908

Mohamed M. Diallo
2937 8th Avenue
New York, New York 10039

129 Broadway, Inc.

3225 Broadway
New York, New York 10027

Horizon Planning Services Ltd.
550 Old Country Road, Suite 410
Hicksville, New York 11801

Level Trans Corp.
370 West 51st Street
New York, New York 10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DIOGENS MENDEZ,

                              Plaintiff(s).

                -against-

MOHAMED M. DIALLO, LEVEL TRANS CORP., 129
BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES LTD.,

                              Defendant(s).
-----------------------------------------------------------------------X

**REQUEST FOR
PRODUCTION OF
DOCUMENTS**

Index No.: CV 01281/08

S I R :

    *PLEASE TAKE NOTICE*, that pursuant to **Federal Rules of Civil Procedure** and the applicable case law, third-party defendant is hereby required to produce for discovery and supply to the undersigned attorneys for defendant within twenty (20) days from the date of service of this demand, the following information, documents and items requested for the purpose of inspection and/or copying:

    *PLEASE TAKE FURTHER NOTICE*, that submission to the undersigned of true and conformed certified copies of the documents and/or items demanded herein on or before the aforesaid return date will be deemed compliance with this demand notice.

1.    The index number and calendar number assigned to this action.

2.    Names and addresses of all attorneys appearing in this action.

3.    Copies of all prior pleadings served in this matter by any and all parties.

4.    Copies of all responses to Notices for Discovery and Inspection previously served in this matter.

5.    Copies of all transcripts of prior depositions and exhibits referred to therein.

6.    Copies of any accident reports pertaining to the incident complained of herein.

7.    Photographs of the alleged situs of occurrence.

8.    Copies of all Notices of Claim.

9.    Copies of transcripts of municipal or transit hearings, if applicable.

10.    Copies of reports of physical examinations held on behalf of a municipality pursuant to Section 50 of the Municipal Law.

11.    Set forth the limits of any and all insurance agreements, including potential excess coverage, for personal injury coverage which may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse this party for payments made to satisfy that judgment.

*PLEASE TAKE FURTHER NOTICE* that in the event any of the requested documents and/or items do not exist, a verified statement to that effect is to be served on the undersigned on or before the aforesaid return date.

*PLEASE TAKE FURTHER NOTICE* that this is a continuing demand notice and in the event any of the requested documents and/or items are obtained after the aforesaid return date, same are to be furnished to the undersigned within thirty (30) days after receipt.

*PLEASE TAKE FURTHER NOTICE* that upon the failure to produce the requested documents and/or items on the date and at the time and place demanded, a Motion will be made for the appropriate relief.

Dated:  New York, New York
        June 03, 2008

                                Yours, etc.
                                LAW OFFICE OF JOHN P. HUMPHREYS

                                By:   WARREN T. HARRIS (3323)
                                      Attorneys for Defendant
                                      **BILL WOLF PETROLEUM CORP**
                                      Office & P.O. Address
                                      485 Lexington Avenue, 7th Floor
                                      New York, NY  10017
                                      (917) 778-6600
                                      Matter No.:  0920473WTH

TO:
BARON & PAGLIUGHI, ESQ.
Plaintiff Counsel
85 Main Street, Suite A
Cold Spring Harbor, NY 11724
Telephone:  (212) 631-367-7908

Mohamed M. Diallo
2937 8th Avenue
New York, New York 10039

129 Broadway, Inc.
3225 Broadway
New York, New York 10027

Horizon Planning Services Ltd.
550 Old Country Road, Suite 410
Hicksville, New York 11801

Level Trans Corp.
370 West 51st Street
New York, New York 10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DIOGENS MENDEZ,

                                        Plaintiff(s).
                                                                    **NOTICE TO TAKE**
                                                                    **DEPOSITION**
                 -against-

MOHAMED M. DIALLO, LEVEL TRANS CORP., 129          Index No.: CV 01281/08
BROADWAY, INC., BILL WOLF PETROLEUM
CORP., and HORIZON PLANNING SERVICES LTD.,

                                        Defendant(s).
-------------------------------------------------------------------------X

C O U N S E L O R S:

     *PLEASE TAKE NOTICE*, that pursuant to Article 31 of the **Federal Rules of Civil**
**Procedure**, the testimony upon oral examination of all adverse parties will be taken before a
Notary Public who is not an attorney, or employee of an attorney, for any party or prospective
party herein and is not a person who would be disqualified to act as a juror because of interest or
because of consanguinity or affinity to any party herein at time and place stated below:

     TO BE DEPOSED:  All parties
     LOCATION:  To be determined

On September 8, 2008, at 10:00 o'clock in the forenoon of that day with respect to evidence
material and necessary in the defense of this action.

     That the said person to be examined is required to produce at such examination all
papers, records and other data pertaining to this matter.
Dated: New York, New York
       June 03, 2008

                              Yours, etc.

                              LAW OFFICE OF JOHN P. HUMPHREYS

                              By:   WARREN T. HARRIS (3323)
                                    Attorneys for Defendant
                                    **BILL WOLF PETROLEUM CORP**
                                    Office & P.O. Address
                                    485 Lexington Avenue, 7th Floor

New York, NY  10017
(917) 778-6600
Matter No.:  0920473WTH

TO:
BARON & PAGLIUGHI, ESQ.
Plaintiff Counsel
85 Main Street, Suite A
Cold Spring Harbor, NY 11724
Telephone:  (212) 631-367-7908

Mohamed M. Diallo
2937 8th Avenue
New York, New York 10039

129 Broadway, Inc.
3225 Broadway
New York, New York 10027

Horizon Planning Services Ltd.
550 Old Country Road, Suite 410
Hicksville, New York 11801

Level Trans Corp.
370 West 51st Street
New York, New York 10019

STATE OF NEW YORK                                    **AFFIDAVIT OF SERVICE**
COUNTY OF NEW YORK                                          **BY MAIL**

    I, CATHERINE ARANZULLO, being duly sworn, deposed and says that deponent is a secretary of the LAW OFFICE OF JOHN P. HUMPHREYS, attorneys for one of the parties herein; is over 18 years of age; is not a party to the action. The deponent served the papers noted below by regular mail, the same securely enclosed in the postage paid wrapper in the Letter Box maintained and exclusively controlled by the United States Postal Service at 485 Lexington Avenue, New York, New York 10017; directed to the said attorney(s) at the address indicated below; that being the address within the state designated by said attorney(s) for that purpose, or the place where said attorneys(s) then kept an office, between which places there then was and now is a regular communication by mail as follows:

**Date mailed:**    June 9, 2008

**Papers Served:**    **ANSWER, DEMAND FOR FIRST SET OF INTERROGATORIES, COMBINED DEMANDS, NOTICE FOR DISCOVERY AND INSPECTION, REQUEST FOR PRODUCTION OF DOCUMENTS, NOTICE TO TAKE DEPOSITION,**

TO:

Baron & Pagliughi, Esq.           129 Broadway, Inc.
Plaintiff Counsel                3225 Broadway
85 Main Street, Suite A         New York, New York 10027
Cold Spring Harbor, NY 11724

Mohamed M. Diallo            Horizon Planning Services Ltd.
2937 8th Avenue               550 Old Country Road, Suite 410
New York, New York 10039     Hicksville, New York 11801

                                   Level Trans Corp.
                                   370 West 51st Street
                                   New York, New York 10019

_____
CATHERINE ARANZULLO

Sworn to before me this

9th day of June 2008

_____
Notary Public

LAMBERTO Q. SESE
Notary Public, State of New York
No. 01SE6080713
Qualified in New York County
Commission Expires September 23, 20___

UNITED STATES DISTRICT COURT
SOUTERN DISTRICT OF NEW YORK                    Index No. :01281CV08

DIOGENS MENDEZ,,

                                                        Plaintiff(s),

                              -against-

MOHAMED  M.  DIALLO,  LEVEL  TRANS  CORP.,  129
BROADWAY, INC., BILL WOLF PETROLEUM CORP., AND
HORIZON PLANNING SERVICES LTD.,,

                                                        Defendant(s).

## CERTIFICATION, DEMAND PURSUANT TO CPLR 3017(C), ANSWER, DEMAND FOR FIRST SET OF INTERROGATORIES, COMBINED DEMANDS, NOTICE FOR DISCOVERY AND INSPECTION, REQUEST FOR PRODUCTION OF DOCUMENTS, NOTICE TO TAKE DEPOSITION

### Law Office of
### JOHN P. HUMPHREYS

Attorneys for Defendant
**BILL WOLF PETROLEUM CORP**
Office & P.O. Address
**485 Lexington Avenue, 7th Floor**
**New York, New York 10017**

Tel. No.: (917) 778-6600
Fax No.: (917) 778-7020
             (917) 778-7022

TO:

Service of a copy of the within                              is hereby admitted.

Dated:                        _____
                              Attorney(s) for

**NOTICE OF ENTRY:**

          **PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on the ____ day of _____ 200 .

**NOTICE OF SETTLEMENT:**

          **PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on the _____ day of _____ 200 , at 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

Dated:      New York, New York                    **Law Office of**
                                                   **JOHN P. HUMPHREYS**
                                                   Attorneys for Defendant(s)
                                                   As Designated Above