F1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
DIOGENS MENDEZ,

               Plaintiff,

    -against-                                     ANSWER

MOHAMED M. DIALLO, LEVEL TRANS CORP.,      Index No. 08 CV 01281
129 BROADWAY, INC., BILL WOLF
PETROLEUM CORP., and HORIZON PLANNING
SERVICES, LTD.,

               Defendants.
-----------------------------------------------------------x

        Defendant, 129 Broadway, Inc. ("129 Broadway"), by its attorneys, Alexander M. Amanatides, P.C., as and for an Answer to Plaintiff's Complaint, respectfully alleges as follows:

        1.     Denies the truth of the allegations set forth in ¶"1" of the Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

        2.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"2" of the Complaint, except admits that the Defendant 129 Broadway is a New York corporation authorized to conduct business is this State.

        3.     Denies the truth of the allegations set forth in ¶"3" of the Complaint.

        4.     Denies the truth of the allegations set forth in ¶"4" of the Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"5" of the Complaint.

6. Denies the truth of the allegations set forth in ¶"6" of the Complaint, except admits that the Defendant 129 Broadway is a New York corporation authorized to conduct business is this State.

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"7" of the Complaint.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"8" of the Complaint.

## COUNT I

9. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"9" of the Complaint.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"10" of the Complaint.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"11" of the Complaint.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"12" of the Complaint.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"13" of the Complaint.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"14" of the Complaint.

15. Denies the truth of the allegations set forth in ¶"15" of the Complaint.

16. Denies the truth of the allegations set forth in ¶"16" of the Complaint.

17. Denies the truth of the allegations set forth in ¶"17" of the Complaint.

18. Denies the truth of the allegations set forth in ¶"18" of the Complaint.

19. Denies the truth of the allegations set forth in ¶"19" of the Complaint.

## COUNT II

20. 129 Broadway repeats, reiterates and realleges each and every response to the allegations contained in ¶'s "1" through "19" of the Complaint as if the same were set forth at length herein.

21. Denies the truth of the allegations set forth in ¶"21" of the Complaint.

22. Denies the truth of the allegations set forth in ¶"22" of the Complaint.

23. Denies the truth of the allegations set forth in ¶"23" of the Complaint.

24. Denies the truth of the allegations set forth in ¶"24" of the Complaint.

25. Denies the truth of the allegations set forth in ¶"25" of the Complaint.

26. Admits the truth of the allegations set forth in ¶"26" of the Complaint.

27. Denies the truth of the allegations set forth in ¶"27" of the Complaint.

28. Denies the truth of the allegations set forth in ¶"28" of the Complaint.

29. Denies the truth of the allegations set forth in ¶"29" of the Complaint.

30. Denies the truth of the allegations set forth in ¶"30" of the Complaint.

31. Denies the truth of the allegations set forth in ¶"31" of the Complaint.

32. Denies the truth of the allegations set forth in ¶"32" of the Complaint.

## COUNT III

33. 129 Broadway repeats, reiterates and realleges each and every response to the allegations contained in ¶'s "1" through "32" of the Complaint as if the same were set forth at length herein.

34. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"34" of the Complaint.

35. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"35" of the Complaint.

36. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"36" of the Complaint.

37. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"37" of the Complaint.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"38" of the Complaint.

39. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"39" of the Complaint.

40. Denies the truth of the allegations set forth in ¶"40" of the Complaint.

41. Denies the truth of the allegations set forth in ¶"41" of the Complaint.

42. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"42" of the Complaint.

43. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶"42" of the Complaint.

44. Denies the truth of the allegations set forth in ¶"44" of the Complaint.

45. Denies the truth of the allegations set forth in ¶"45" of the Complaint.

## COUNT IV

46. 129 Broadway repeats, reiterates and realleges each and every response to the allegations contained in ¶'s "1" through "45" of the Complaint as if the same were set forth at length herein.

47. Admits the truth of the allegations set forth in ¶"47" of the Complaint.

48. Admits the truth of the allegations set forth in ¶"48" of the Complaint.

49. Admits the truth of the allegations set forth in ¶"49" of the Complaint.

50. Admits the truth of the allegations set forth in ¶"50" of the Complaint.

51. Admits the truth of the allegations set forth in ¶"51" of the Complaint.

52. Admits the truth of the allegations set forth in ¶"52" of the Complaint.

53. Lacks knowledge or information to form a belief as to the truth of the allegations set forth in ¶"53" of the Complaint.

54. Lacks knowledge or information to form a belief as to the truth of the allegations set forth in ¶"54" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55. The Complaint fails to state a cause of action against this answering Defendant; the Complaint must therefore be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56. That any injuries and/or damages sustained by plaintiff, as alleged in the Complaint, were caused, in whole or in part, by the contributory negligence and/or culpable conduct of plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57. That if plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of the parties over whom this answering defendant was not obligated to exercise supervision or control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58. Any injuries sustained by plaintiff were the result of unforeseen and unforeseeable acts of person or persons not under the control of this answering Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59. Unforeseen and unforeseeable negligent, reckless and criminal acts of other persons were the supervening, intervening and direct causes of plaintiff's injuries and/or damages herein.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60. The liability of this defendant, if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61. In the event plaintiff recovers a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A EIGTHT AFFIRMATIVE DEFENSE

62. The accident described in the Complaint did not result in a "serious injury" to Plaintiff, as defined in and by Section 5102(d) of the Insurance Law. By reason of the foregoing, plaintiff had and has no right to institute, maintain or prosecute this action and is barred from so doing.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

63. Any recovery or verdict against the answering Defendant must be reduced by virtue of the failure of the Plaintiff to have exercised due care to avoid, eliminate and/or mitigate the injury and/or damages allegedly sustained.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

64. Pursuant to Article 51 of the New York State Insurance Law, the Plaintiff is not entitled to recover any sums of money for basic economic loss.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

65. The Complaint fails to name all indispensable parties; namely, Felix Nunez and 24 Hrs. Auto Repair Corp.

66. Upon information and belief, Felix Nunez ("Nunez") is a resident of the State of New York.

67. Upon information and belief, 24 Hrs. Auto Repair Corp. ("24 Hrs. Auto") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at the garage bays of the subject premises.

68. At all times relevant to this action, Nunez sublet the garage bays at the premises from 120 Broadway.

69. At all times relevant, Nunez conducted an auto repair business in the garage bays at the premises under the entity 24 Hrs. Auto, which is wholly owned and controlled by him.

70. At the time of the injury alleged in the complaint, Defendant Level Trans Corp. was a customer of Nunez and/or 24 Hrs. Auto.

71. Upon information and belief, at all times relevant to this action, Plaintiff was and is the son of Nunez.

72. Upon information and belief, at all times relevant to this action, Plaintiff was and is the brother of Nunez.

73. The Complaint must therefore be dismissed.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS, MOHAMED M. DIALLO, LEVEL TRANS CORP., AND BILL WOLF PETROLEUM CORP.

74. Plaintiff's Complaint alleges that, in substance, as a result of the negligence of Defendant, 129 Broadway, Plaintiff sustained personal injuries on or about April 17, 2007, and, as a result of said injuries, plaintiff was allegedly damaged in a sum exceeding the jurisdiction of all lower courts.

75. Upon information and belief, if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused, in whole or in part, by reason of the negligence, recklessness and/or criminal conduct of defendants, Mohamed M. Diallo, Level Trans Corp., and Bill Wolf Petroleum Corp., without any wrongdoing on the part of defendant, 129 Broadway, contributing thereto.

76. By reason of the foregoing, in the event that any judgment or verdict is recovered against the defendant, 129 Broadway, defendant is entitled to contribution from and to judgment over and against the defendants, Mohamed M. Diallo, Level Trans Corp., and Bill Wolf Petroleum Corp., equal to the proportionate share of responsibility as is adjudged between all defendants herein.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS, MOHAMED M. DIALLO, LEVEL TRANS CORP., AND BILL WOLF PETROLEUM CORP.

77. Plaintiff's Complaint alleges that, in substance, as a result of the negligence of Defendant, 129 Broadway, Plaintiff sustained personal injuries on or about April 17, 2007, and, as a result of said injuries, plaintiff was allegedly damaged in a sum exceeding the jurisdiction of all lower courts.

78. Upon information and belief, if and in the even plaintiff sustained the injuries and damages complained of, such injuries and damages were caused entirely by reason of the negligence, recklessness, carelessness, violations of law, strict liability, criminal conduct, and/or breaches of contract of defendants, Mohamed M. Diallo, Level

Trans Corp., and Bill Wolf Petroleum Corp., there being no active or primary wrongdoing on the part of defendant, 129 Broadway, contributing thereto.

79. By reason of the foregoing, in the event that any judgment or verdict is recovered against the defendant, 129 Broadway, defendant is entitled to full indemnity [common law and/or contractual] from, and for judgment over and against the defendants, Mohamed M. Diallo, Level Trans Corp., and Bill Wolf Petroleum Corp., for all of any verdict or judgment which plaintiff may recover against Defendant, 129 Broadway, together with all attorney's fees and expenses incurred by Defendant, 129 Broadway, herein.

WHEREFORE, Defendant, 129 Broadway, Inc., demands judgment against Plaintiff dismissing the Complaint, or in the event plaintiff recovers a verdict or judgment against 129 Broadway, Inc., then 129 Broadway, Inc. demands judgment over and against the co-defendants above-named, together with attorneys' fees, costs and disbursements of this action.

Dated: July 17, 2008
      Jericho, New York

                        Yours, etc.

                        ALEXANDER M. AMANATIDES, P.C.

                        By: _____
                        Alexander M. Amanatides
                        400 Jericho Turnpike, Suite 318
                        Jericho, New York 11753
                        (516) 470-1379

                        Attorneys for Defendant
                        129 Broadway, Inc.

To:    Peter D. Baron, Esq.
        Baron & Pagliughi, PLLC
        85 Main Street, Suite A
        Cold Spring Harbor, NY 11724
        (631) 367-7000

        Attorneys for Plaintiff

        Baker, McEvoy, Morrissey & Moskovits, PC
        330 West 34th Street, 7th Floor
        New York, New York 10001

        Attorneys for Defendant
        Mohamed M. Diallo

Marjorie E. Bornes, Esq.
330 West 34th Street, 7th Floor
New York, New York 10001

Attorneys for the Defendant
Level Trans Corp.


Law Office of John P. Humphreys
485 Lexington Avenue, 7th Floor
New York, New York 10017

Attorneys for the Defendant
Bill Wolf Petroleum Corp.

CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, a copy of the foregoing was filed with the Clerk of the Court and in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Peter D. Baron, Esq.
Baron & Pagliughi, PLLC
85 Main Street, Suite A
Cold Spring Harbor, NY 11724
Attorneys for Plaintiff

Baker, McEvoy, Morrissey & Moskovits, PC
330 West 34th Street, 7th Floor
New York, New York 10001
Attorneys for Defendant
Mohamed M. Diallo

Marjorie E. Bornes, Esq.
330 West 34th Street, 7th Floor
New York, New York 10001
Attorneys for the Defendant
Level Trans Corp.

Law Office of John P. Humphreys
485 Lexington Avenue, 7th Floor
New York, New York 10017
Attorneys for the Defendant
Bill Wolf Petroleum Corp.

　　　　　　　　　　　　　　　　/s/ Alexander M. Amanatides
　　　　　　　　　　　　　　　　Alexander M. Amanatides